In the Matter of JAMES H. MELLION, as Executive Assistant District Attorney of Rockland County, Petitioner, v HARRY EDELSTEIN, as Judge of the County Court, Respondent.—Proceeding pursuant to CPLR article 78 by James H. Mellion, Executive Assistant District Attorney of Rockland County, to prohibit the respondent, a County Court Judge, from accepting guilty pleas, without the consent of the District Attorney, in the cases of *People v Torres* and *People v Bermudez,* now pending before him, and to compel respondent to vacate any pleas already taken in such cases. Petition granted, on the law, without costs or disbursements, and respondent is directed to vacate the pleas of guilty already accepted by him from the defendants Torres and Bermudez. Aurea Torres and Anna Bermudez were charged in a one-count indictment with grand larceny in the third degree. At a plea bargaining conference, the Assistant District Attorney present

agreed to accept a guilty plea from both to the lesser included crime of attempted grand larceny in the third degree, a class A misdemeanor, in full satisfaction of the indictment, upon condition that the minimum sentence to be imposed would be 30 days of jail time, plus a period of probation. Thereafter, at another plea conference, respondent indicated that he would consider imposing an eight-weekend sentence as an alternative if the probation report would permit him to do so. In view of this, the People withdrew their consent to the plea bargain. The respondent subsequently accepted the guilty pleas over the People's objection. The guilty pleas were erroneously accepted by the respondent (see *Matter of Gribetz v Edelstein,* 66 AD2d 788). Although sentencing is completely within the discretion of a trial court, we do not find what might be interpreted as an attempted sentence bargain herein to be an unlawful exercise of the District Attorney's prerogative. The respondent was a participant in the plea bargaining negotiations and made his thoughts as to sentencing known to the People prior to the plea taking, thus permitting the opportunity for withdrawal of consent in view of the new alternative. Hopkins, J. P., Martuscello, Gulotta and Shapiro, JJ., concur.