### (December 5, 1978)

In the Matter of KENNETH GRIBETZ, as District Attorney of Rockland County, Petitioner, v HARRY EDELSTEIN, as Judge of the County Court, Respondent.—Proceeding pursuant to CPLR article 78 by Kenneth Gribetz, the District Attorney of Rockland County, to prohibit the respondent, a County Court Judge, from accepting a guilty plea, without the consent of the petitioner, in the case of *People v Lane,* now pending before him, and to compel respondent to vacate any plea already taken in such case. Petition granted, on the law, without costs or disbursements, and respondent is directed to vacate the plea of guilty already accepted by him from the defendant Lane. Clifford Lane and another were charged in a four-count indictment, with the crimes of burglary in the third degree, grand larceny in the third degree, criminal possession of stolen property in the second degree and criminal mischief in the fourth degree. At a plea bargaining conference, an Assistant District Attorney agreed to accept guilty pleas from each defendant to burglary in the third degree in full satisfaction of the indictment; thereafter, Lane stated that he wanted to accept the plea bargain offered; his codefendant did not want to accept the offer. It was the People's position that unless both defendants, who were eligible for youthful offender treatment, accepted the plea bargain offered, the offer would be withdrawn and consent to the plea withheld. The respondent accepted Lane's plea without the People's consent. A District Attorney may dictate the terms under which he will agree to consent to accept a guilty plea and where his terms are not met, he may withhold such consent; the withholding of such consent by statutory mandate renders the court without authority to accept a plea to anything less than the entire indictment (see CPL 220.10; *Matter of McDonald v Sobel,* 272 App Div 455, affd 297 NY 679; *People v Evans,* 18 AD2d 1018; *Matter of Cosgrove v Kubiniec,* 56 AD2d 709). Hopkins, J. P., Martuscello, Gulotta and Shapiro, JJ., concur.