■ In the Matter of EUGENE GOLD, Petitioner, v WILLIAM BOOTH et al., Respondents, et al., Defendant.—Proceeding pursuant to CPLR article 78 by Eugene Gold, District Attorney of Kings County, to prohibit the respondents, Justices of the Supreme Court, Kings County, from enforcing an order of that court, dated October 20, 1980, which, upon granting reargument, directed specific performance of a plea proposal in the case of *People v Sapio* now pending before respondent Mr. Justice Lombardo. Petition granted, on the law, without costs or disbursements, and the respondents are prohibited from enforcing the order dated October 20, 1980. The defendant was indicted with six codefendants for first degree robbery and related counts of grand larceny and conspiracy arising out of an October 30, 1977 robbery. Prior to or during May, 1979 the Assistant District Attorney handling the case was asked by defense counsel about the possibility of his client's pleading guilty to a class D felony and receiving probation in satisfaction of the indictment. The Assistant District Attorney replied that those terms would be acceptable only if a specified codefendant agreed to plead guilty on the same terms; however, defense counsel rejoined that counsel for this codefendant had rejected the suggestion of having the codefendant plead guilty to any charge. No further discussions about the proposal occurred until December 27, 1979 when

codefendant's counsel met with the successor Assistant District Attorney assigned to the case to arrange codefendant's severance pursuant to an omnibus motion made prior to the plea negotiations. When the plea proposal was brought up at this meeting, the Assistant District Attorney told codefendant's counsel that she was unaware of any such proposal. She promised to consult her superiors about the proposal and made this same promise to defense counsel when he independently advised her in May, 1980 of her predecessor's offer, which defense counsel asserted had never been withdrawn. The District Attorney's office eventually decided that it would still offer the codefendant a plea to a class D felony, but that it would only offer the defendant a plea to a class C felony. Defendant thereupon moved at Criminal Term on June 25, 1980 for an order compelling specific performance of the original plea proposal, alleging that both he and the codefendant were willing to accept it. On August 29, 1980 the court denied the motion, noting the need for the District Attorney's consent to any plea agreement and finding that the condition upon which the original proposal was made (codefendant's consent) had not in fact been met and could no longer be met because of the codefendant's successful severance motion granted February 14, 1980. Upon being informed that the severance motion had been made prior to the original proposal, however, the court granted reargument and indicated on the record that the original offer had not been withdrawn or limited in duration. The court also expressed concern about the reasonableness of the District Attorney's revising the offer so that different pleas were offered to the defendant and the codefendant. The Assistant District Attorney alleges only that during reargument she had responded to this inquiry by saying, in substance, "that the reasons were consistent with the usual standards of prosecutorial discretion including degree of criminal involvement, quality of proof, etc." The court's order dated October 20, 1980 granted the motion to compel specific performance upon the condition that both the defendant and the codefendant accept the May, 1979 offer. In opposing the instant application by the District Attorney for a writ of prohibition, the defendant relies upon what appears to have been the first judicial resolution of the precise issue of the "firmness" of a prosecutor's plea bargain offer *(Cooper v United States,* 594 F2d 12). In that 1979 decision the Fourth Circuit Court of Appeals (p 19) held that specific performance should be compelled if, "within a reasonable time the defendant unequivocally communicates his assent to it, and unless in the interval extenuating circumstances affecting the propriety of the proposal that were unknown to and not reasonably discoverable by the government when the proposal was made have supervened or become known". Rejecting direct analogies to contract law principles, the Fourth Circuit grounded its decision in the concept of constitutional fairness under the circumstances. *Cooper v United States (supra)* involved the prosecutor's withdrawal of a plea offer within only five hours of having proposed it, apparently after having promised to hold it open for a week. We are cognizant, however, that the Third Circuit Court of Appeals has expressly rejected the *Cooper* rationale in *Government of Virgin Islands v Scotland* (614 F2d 360), holding that a defendant cannot seek specific performance of a plea offer given the adequate remedy of a trial by jury, even if the circumstances are more compelling than those in *Cooper* (i.e., not merely a withdrawal of a plea offer but the imposition of a new condition upon an already accepted plea proposal). We do not find it necessary to resolve these conflicting ap-

proaches to the issue of whether specific performance is necessary or desirable upon either constitutional or contractual grounds. Under the circumstances of the instant case, the salient fact is that nearly a year passed without any negotiations or express or implied acceptance by defendant of the plea offer. Given this State's strong policy behind the requirement that the District Attorney consent to any plea bargain (CPL 220.10; *Matter of Gribetz v Edelstein*, 66 AD2d 788; *Matter of Mellion v Edelstein*, 66 AD2d 788), Criminal Term must be prohibited from enforcing its order. Mollen, P. J., Damiani, O'Connor and Weinstein, JJ., concur.