OPINION OF THE COURT
John A. K. Bradley, J.
The defendant, having been charged with criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in various degrees, criminally using drug paraphernalia in the second degree and criminal possession of a weapon in the fourth degree has moved, pursuant to CPL 210.40, for a dismissal of the charges against him in the interests of justice.
A hearing was held before me on September 22, October 12 and 19, 1983. The defendant and various witnesses testified on his behalf. The People placed the Grand Jury minutes in evidence. The minutes, which relate to both the defendant and a codefendant, show that an undercover police officer made an agreement with the codefendant to purchase four ounces of cocaine later in the day. When the police officer returned to the codefendant’s jewelry store, the defendant also arrived. The codefendant asked the *1052 officer to step out of the store, then joining the officer outside said that he could only get 88 grams which he would sell for $6,500. The officer got $6,500 in prerecorded currency and returned to outside the store where the officer gave the codefendant the money. The codefendant went into the store. Five minutes later, the officer saw the defendant leave the store. The officer then entered the store where the codefendant gave him the cocaine.
Another officer arrested the defendant, finding 6,000 of the 6,500 marked dollars and some cocaine on his person. A subsequent search of the defendant’s hotel room revealed cocaine, items used for mixing, cutting, packaging and weighing cocaine and a loaded .22 caliber revolver.
At the hearing, the defendant and several witnesses portrayed the defendant’s background. The defendant is 37 years old and has no previous arrests. The oldest of several children, the defendant first held a job at the age of eight so as to contribute to the family income. At the age of about 12, the defendant joined the Boys’ Club, with which he has been active ever since. As a youth he assisted in running the club’s activities. As an adult, he raises funds for the club. The defendant served several years in the Air Force, then became a driver for United Parcel Service, where he has developed close relationships with the company’s customers and also serves as a union shop steward. The defendant is married, but separated. He is very devoted to his children and they to him. The defendant’s brother-in-law testified as to a closer than normal relationship between defendant and his children whom the defendant sees every weekend, and opined that the defendant’s incarceration would have a “devastating effect” on them.
“An indictment or any count thereof may be dismissed * * * when * * * such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice.” (CPL 210.40, subd 1.)
“The discretion of the trial court to dismiss an indictment in furtherance of justice pursuant to CPL 210.40 is not absolute [citations omitted] but requires a value judg *1053 ment ‘based upon a “sensitive” balancing of the interests of the individual and the State’”. (People v Benevento, 59 AD2d 1029.)
The circumstances calling for the exercise of the court’s discretion must be compelling and the discretion must be exercised sparingly. (People v Belkota, 50 AD2d 118.)
Although in motions such as this each case must be decided on its own facts, a review of other cases in which the defendants have been charged with narcotics crimes may be helpful here. In People v Davis (55 Misc 2d 656) the defendant had been convicted, by plea of guilty to unlawful possession of narcotics (marihuana, which in 1965 was still classified as a narcotic). Having built an outstanding academic record, he was about to be admitted to medical school. There was no suggestion that he was a trafficker in drugs but rather that, having been given the marihuana by a friend, he accepted it out of curiosity. The court (Schweitzer, J.) granted the motion to dismiss.
In People v O’Neill (85 Misc 2d 130) a popular university student who was a high scholastic achiever and extremely active in athletic and other extracurricular activities was arrested for sale of cocaine to an undercover police officer for $7,000. The court (Coon, J.) held that the defendant had “utterly failed to establish why his case should be treated differently from the mass of other drug prosecutions now confronting the courts” (p 132) and denied the motion.
In People v Isaacson (56 AD2d 220, revd on other grounds 44.NY2d 511) the defendant was charged with selling two ounces of cocaine. Previously, the defendant had sold narcotics to the informer on several occasions. On this occasion, he used a sophisticated, although ultimately unsuccessful, method to avoid being caught. The Appellate Division, in affirming the denial of defendant’s motion, held that: “While we recognize that the defendant is a student, undergraduate instructor and doctoral candidate, facts, incidentally, which should not militate in his favor in the context of this case, the trial testimony clearly established that the defendant was not only experienced in the drug culture, but that he spent part of his time in the sale of narcotics. The evidence of his guilt is overwhelming; his *1054 criminal activity reveals careful forethought and execution; and the record reasonably supports a conclusion that his motivation for the crime was personal profit” (at pp 224-225).
In People v Debnam (NYLJ, Sept. 28,1981, p 7, col 4) the defendant, a 19-year-old college student, was an all star high school basketball graduate, was on a university basketball team on scholarship, was employed regularly during the summers and presented documents demonstrating his exemplary moral character and his scholastic and athletic achievements. He was charged with selling a $50 bag of heroin to an undercover police officer. It appeared that the defendant was accommodating another participant in the crime by handing the narcotics to him after the other had negotiated the sale. Finding that “this incident was truly an aberration in the life of an individual with an exemplary background” the court (G. Roberts, J.) granted the motion to dismiss.
Finally, and perhaps of most help in this case, is People v Kanare (NYLJ, Sept. 14,1981, p 14, col 3). In that case, the defendant, while apparently assisting another person, was charged with selling two ounces of cocaine. A high school graduate with some community college and trade school education, the defendant was employed as a placement counselor for a personnel agency. He submitted numerous letters attesting to his personal qualities and exemplary family and personal history. A prepleading probation report showed that the pressures of facing the likelihood of a State prison sentence had caused the defendant substantial psychological difficulties requiring therapeutic treatment. The court pointed out that the case was particularly disturbing because it highlighted the extraordinary degree of unfettered discretion reposing in the Special Narcotics Prosecutor. Granting the motion in part, the court (Haft, J.) held that justice required dismissal of the counts carrying mandatory prison sentences. The dismissal was conditioned upon the defendant offering and the People and court accepting a guilty plea to the remaining count.
In the instant case, the defendant is a person of exemplary record. He has led a useful life, particularly in respect to his activities with the Boys’ Club. He has pro *1055 vided the court with many letters and some testimony on his behalf from his employer’s customers. It appears that his children have need of him. On the other hand, he was not just accommodating another in the sale of cocaine, rather he appears to have been the codefendant’s supplier. The paraphernalia in defendant’s hotel room indicate that the defendant had more than a passing involvement in the narcotics business. Possession of the gun, of course, is reprehensible in itself.
The defendant is charged in two indictments with felonies and misdemeanors of varying degrees of seriousness. Evaluating all the circumstances, the court concludes that while a prison sentence is appropriate for this defendant, imprisonment for life is not. The first count of indictment SN 4365-82 charges criminal sale of a controlled substance in the first degree, a class A-I felony and carries a mandatory minimum sentence of 15 years to life. The defendant is permitted, but only if the Special Narcotics Prosecutor consents, to plead guilty to a class A-II felony that carries a mandatory minimum sentence of three years to life. The third count of the indictment charges criminal possession of a controlled substance in the second degree, a class A-II felony, which carries a mandatory minimum sentence of three years to life. The defendant, again with the Special Narcotics Prosecutor’s consent, may plead guilty to a class B felony that carries a mandatory minimum sentence of one year to three years. The second count of the indictment charges criminal possession of a controlled substance in the third degree, a class B felony, which carries a mandatory minimum sentence of one year to three years. The defendant, with the prosecutor’s consent may plead guilty to a C felony with a sentence of one year or even to a D felony with a sentence that involves no imprisonment. Since the class A felonies carry sentences that are too harsh here, the motion will be granted as to the first and third counts on indictment SN 4365-82 and denied as to count two of that indictment and all counts of indictment SN 4365B-82, they being less serious.
CPL 210.40 sets forth some factors the court must weigh and consider. Although such consideration is implicit in *1056 the discussion above, the court will list the factors and its conclusions:
(a) The seriousness and circumstances of the offense —
Selling cocaine is certainly a serious offense as is indicated by its carrying the same criminal penalty as murder. However, this sale was in a business district and presumably such sales are exclusively to adults participating in the currently fashionable drug scene.
(b) The extent of harm caused by the offense —
There is no indication that the defendant is a substantial dealer in drugs. While this court does not condone the sale or use of cocaine, it does not appear to cause the harm of heroin. (People v Kanare, supra.)
(c) The evidence of guilt, whether admissible or inadmissible at trial.
Based upon the Grand Jury minutes, it appears the People have a very strong case.
(d) The history, character and condition of the defendant.
This has been discussed fully above.
(e) Any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant.
None.
(f) The purpose and effect of imposing upon the defendant a sentence authorized for the offense.
The sentence authorized for a class A felony would be grossly disproportionate to the offense. Although not unconstitutional per se (People v Broadie, 37 NY2d 100), the mandated punishment would be excessive under the facts of this case, considering the background of this defendant.
(g) The impact of a dismissal upon the confidence of the public in the criminal justice system.
It is hard to see how the public could lose confidence in a criminal justice system that saves a defendant with an exemplary life’s history from a prison sentence of 15 years to life for a first offense, but yet still leaves the trial court with a scope of punishment that ranges from a minimum of one year to three years to a maximum of 8⅓ years to 25 *1057 years if the defendant is convicted of the most serious remaining count.
(h) The impact of a dismissal on the safety or welfare of the community.
Since the defendant is still charged with a class B felony, there would be no impact.
(i) Where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion.
Not applicable.
(j) Any other relevant fact indicating that a judgment of conviction would serve no useful purpose.
Not applicable.
The motion is granted as to counts one and three of indictment SN 4365-82, and denied in all other respects.