■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BENIGNO VARELA, Respondent. — Order of the Supreme Court, New York County (Bradley, J.), entered November 9, 1983, granting defendant's motion to the extent of dismissing two counts of the indictment No. SN 4365/82 that charged defendant with criminal sale of a controlled substance in the first degree (Penal Law, § 220.43) and criminal possession of a controlled substance in the second degree (Penal Law, § 220.18) in the interest of justice pursuant to CPL 210.40, is modified, on the law and facts, to reverse the dismissal of these two counts, reinstate the two counts of the indictment, and otherwise affirmed. The matter is remanded to Supreme Court, New York County, for further proceedings in accordance with this decision.

For the purposes of this appeal we accept as true the assertions that defendant and a friend sold 3⅛ ounces of cocaine to an undercover police officer in the summer of 1982. Defendant supplied the cocaine and pocketed $6,000 from the sale. A loaded gun and assorted drug paraphernalia were found shortly thereafter in defendant's hotel room. Despite the strength of the People's case against defendant, as well as defendant's apparent active involvement in the narcotics trade, both of which Trial Term acknowledged, the court nevertheless granted defendant's motion to dismiss "in the interests of justice" the top counts of

the indictment, criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the second degree.

In its decision, the court noted defendant's lack of a prior criminal record, his "exemplary" background at work, in the Air Force, as a father and as a civic affairs volunteer. The court also found that the drug, cocaine, defendant had chosen to sell was less harmful than heroin and was sold in a business district "presumably * * * exclusively to adults participating in the currently-fashionable drug scene." Thus, the court concluded that although a prison sentence, which defendant was still eligible to receive under the remaining counts of the indictments, was appropriate, life imprisonment would not be.

We disagree and reverse the hearing court's dismissal of these two counts. Neither the criteria set forth in CPL 210.40 nor the reasons advanced by the Supreme Court constitute compelling factors that clearly demonstrate that conviction or prosecution of defendant would constitute or result in injustice (CPL 210.40; *People v Rickert,* 58 NY2d 122).

The fact that defendant has no prior criminal record is insufficient to justify a dismissal in the interests of justice (*People v Andrew,* 78 AD2d 683). His "exemplary" background, likewise, does not immunize him from the normal processes of the criminal law. That defendant sold cocaine, rather than heroin, to adults in a business district is also not a mitigating factor. Defendant, who earned $35,000 a year, committed this crime out of greed, not financial need or to obtain money to support a drug addiction. Furthermore, the loaded gun and drug paraphernalia, found in the hotel room defendant used to ply his trade, indicate that he was not a simple, small-time vendor or that this was an isolated aberrational act on his part. The court's action, therefore, in dismissing the top counts of the indictments was an abuse of discretion. Concur — Murphy, P. J., Sandler, Asch, Milonas and Alexander, JJ. [121 Misc 2d 1051.]