THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ORLANDO PEREZ, Respondent.

First Department, March 29, 1990

## APPEARANCES OF COUNSEL

*Michael Schwartz* of counsel *(Donald J. Siewert* with him on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for appellant.

*Michael P. Stokamer* for respondent.

## OPINION OF THE COURT

Per Curiam.

On October 19, 1985, defendant and an accomplice sought entry at the rear door of a Manhattan office building where defendant had formerly been employed as a security guard. Both men were armed with loaded and operable handguns which defendant had test fired. When Alphonso Intriago, the security guard then on duty, appeared, defendant and his accomplice pointed the guns at Intriago's head, and after threatening to kill him stole his keys and imprisoned him in a closet. The robbers then broke into the building's newspaper stand and stole $750 in cash, $90 worth of stamps, and 11 cases of cigarettes valued at over $3,000. Defendant later sold the cigarettes for $1,200. He tried unsuccessfully to sell the guns and then discarded them in the East River. Defendant was arrested some 20 days later and made a full confession pertaining to his role as instigator and organizer of the crime.

In response to a motion by defendant for dismissal of the indictment in the furtherance of justice pursuant to CPL 210.40, Criminal Term dismissed the top three counts of the indictment, and over the objection of the People, accepted a plea from defendant to a supposed lesser included offense of burglary in the second degree (the fourth count of the indictment), namely, criminal possession of stolen property in the first degree. Upon defendant's plea of guilty to "the lesser included offense" and to grand larceny in the second degree, the court imposed two concurrent five-year terms of probation. We find the first order to constitute an abuse of discretion under the applicable statute, and the second to be illegal as a matter of law. Accordingly, we reverse the orders, vacate the judgments, and remand for further prosecution of this indictment in the regular course.

I

■ Insofar as the court proceeded under CPL 210.40 to dismiss the three top counts of the indictment in the furtherance of justice, we note that such action can only be justified "by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice" (subd [1]). We find no such compelling factor, consideration or circumstance present here which would warrant such extraordinary relief.

In determining to dismiss the first three counts of the indictment, the motion court discussed the 10 factors enumerated in CPL 210.40 (1) (a) through (j) as it perceived to be applicable. After concluding that the offense was "serious" and that the People's case, based on defendant's written confession, was "a strong one", the court predicated its action upon the desperate financial situation defendant faced after losing his job, and his inability, despite his being "a high school graduate with some college credits", to "thread his way through the labyrinth of city agencies" for monetary help for himself and his family, consisting of a paraplegic wife and a two-year-old daughter. Apparently, defendant's most pressing need was a new wheelchair for his wife. While these are relevant considerations, it must be noted that according to the prepleading investigation report of the Probation Department, defendant and his family were receiving SSI payments of $352 per month and were residing in a four-room apartment in the upper West Side of Manhattan with a Federally subsidized rental of $54 per month. Why inquiry at one of these agencies already assisting defendant was more onerous than embarking upon a grave criminal enterprise is nowhere explained. It should be emphasized that defendant's criminal act was not a sudden collapse of judgment overborne by severe financial pressures, but a complex premeditated undertaking involving additional serious crimes committed both before and after the crimes for which he was charged. Defendant acquired and tested two firearms and recruited a cohort before the holdup; afterwards he had the sophistication to fence the stolen cigarettes for $1,200 and to dispose of the weapons. True, this was apparently defendant's first conflict with the law, but that circumstance, standing alone, is not decisive *(People v Varela,* 106 AD2d 339; *People v Andrew,* 78 AD2d 683; *see, People v Notey,* 72 AD2d 279).

■ Also, there was an insufficient basis for the court to conclude that defendant posed no future threat to society. In making that finding the court placed virtually entire reliance on a report from Dr. Gary H. Rusk, a psychiatrist affiliated with the Court Employment Project, who found no evidence that defendant was dangerous. Discounted entirely was the earlier report of Dr. Robert Ellenbogen, chief psychologist for the Forensic Physiatry Clinic for the Criminal and Supreme Courts, which reached an entirely opposite conclusion. Since the court held no hearing in this matter, and since neither report was supported by testimony nor subjected to cross-examination, there was no discernible basis for preferring one report over another. Totally ignored was the report of Dr. Micheline Loubeau, a psychiatrist affiliated with a New York based mental health center, to the effect that defendant had not complied with the treatment program offered to him there.

Based upon the foregoing, we do not find that the motion court, when it dismissed the first three counts of the indictment, properly discharged its duty to strike a sensitive balance between the individual and the State. *(People v Kwok Ming Chan,* 45 AD2d 613, 616.) Nothing of sufficient substance supports the court's decision to override the legislative judgment that defendant's crimes, consisting of class B and class C felonies, called for mandatory minimum sentences of incarceration. In the exercise of our own discretion, we find that dismissal of these charges would have an unfavorable impact on the safety of the community (CPL 210.40 [1] [h]), and would undermine the confidence of the public in the criminal justice system and its evenhanded application (para [g]).

## II

■ By the second order under review the court allowed defendant to plead guilty, over the prosecutor's objection, to criminal possession of stolen property in the first degree, a class D felony offense, to satisfy the count of burglary in the second degree, a class C violent felony offense. This was error. The People have the power to specify terms and conditions under which they will consent to a guilty plea to a lesser included count *(People v Esajerre,* 35 NY2d 463, 467), and absent such consent the court has no authority to accept a plea to less than the entire indictment *(Matter of Gold v Booth,* 79 AD2d 691, *cert denied sub nom. Sapio v Gold,* 454 US 840; *Matter of Gribetz v Edelstein,* 66 AD2d 788).

Also, CPL 220.10 (4) provides that a defendant may plead to a lesser included offense "with * * * the consent of the people" subject to the restrictions contained in CPL 220.10 (5); however criminal possession of stolen property in the first degree is not a lesser included offense of burglary in the second degree, because it is possible to commit second degree burglary without "concomitantly committing, by the same conduct" first degree criminal possession of stolen property (CPL 1.20 [37]); and the possession count does not come within any of the inclusion rules set forth in CPL 220.20 (1) (a) through (k).

Finally, second degree burglary, the offense charged in the indictment, is a class C violent felony offense (Penal Law § 70.02 [1] [b]). Accordingly, defendant can plead guilty under the burglary count to no less than a class D violent felony offense (CPL 220.10 [5] [d] [ii]). However, first degree criminal possession of stolen property is only a class D felony, not a class D violent felony offense (Penal Law former § 165.50).

Thus, the court lacked any legal basis to accept defendant's plea of guilty to first degree criminal possession of stolen property in full satisfaction of the burglary count contained in the indictment.

Accordingly, the order, Supreme Court, New York County (Dorothy A. Cropper, J.), entered on or about April 28, 1987, which, without a hearing and solely on papers, dismissed the first three counts of this indictment charging defendant with first degree robbery, second degree robbery and criminal use of a firearm in the first degree, should be reversed, on the law, the facts and in the exercise of discretion, and said counts of the indictment reinstated.

Also, the order of the same court, entered on or about May 6, 1987, by which defendant was permitted to plead guilty, over the objection of the People to criminal possession of stolen property in the first degree as a lesser included offense of second degree burglary, and grand larceny in the second degree (two counts of the indictment not dismissed by the above April 28, 1987 order), should be reversed, on the law, the two concurrent probationary sentences imposed pursuant thereto vacated, and the matter should be remanded for further proceedings.

SULLIVAN, J. P., ROSS, ROSENBERGER, KASSAL and WALLACH, JJ., concur.

Order, Supreme Court, New York County, entered on or

about April 28, 1987, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the first three counts of an indictment charging defendant with first degree robbery, second degree robbery and criminal use of a firearm in the first degree, reinstated; order of said court entered on or about May 6, 1987, unanimously reversed, on the law, the two concurrent probationary sentences imposed pursuant thereto vacated, and the matter remanded for further proceedings.