OPINION OF THE COURT
Harold J. Rothwax, J.
The defendant herein, indicted for the crime of burglary *1025 (Penal Law § 140.25 [2]), moves to dismiss the indictment in the interest of justice (CPL 210.40); and under the Due Process Clauses of the Federal and State Constitutions (US Const 14th Amend; NY Const, art I, § 6). The court finds as follows, upon the pleadings.
On November 30, the defendant was arraigned on a felony complaint before the Criminal Court and was held on a $1,500 bond which he was unable to post. The defendant served notice pursuant to CPL 190.50 of his intention to testify before the Grand Jury. The matter was adjourned to December 4, 1990 to determine whether the Grand Jury would return an indictment within the period set by CPL 180.80. Of course, the statute provides that in the event there is no Grand Jury presentation or vote, the defendant must be released on his own recognizance. On the morning of December 4, the assigned Assistant District Attorney contacted defense counsel in the conference part to determine whether the defendant wished to testify. In the course of this discussion defense counsel was informed that the assistant might not be able to meet the CPL 180.80 deadline due to congestion in the Grand Jury, and an offer to have the defendant plead to Penal Law § 165.40 (a class A misdemeanor) with an agreed upon sentence of one year was made conditionally by the assistant and conditionally accepted by the defense attorney on behalf of the defendant, who had not then been produced at the courthouse by the Department of Correction. The assistant made the offer conditional upon the defendant’s acceptance before the commencement of the afternoon Grand Jury session. Defense counsel and the assistant may have spoken at about 12:30 p.m. In any event, the defendant still had not arrived in the courthouse. The assistant avers that she waited with her witness until 2:20 p.m. before proceeding to the Grand Jury room, and that she notified the conference part that she was in the Grand Jury room and would commence the presentation at about 3:00 p.m. Apparently, defendant was not produced at the courthouse until after 3:00 p.m. When defense counsel learned of his client’s presence in the building, he sought the defendant out and conveyed the assistant’s offer, which the defendant accepted without hesitation. However, when defense counsel reached the assistant at about 3:45 p.m., he was informed that the Grand Jury presentation had commenced and that the plea offer was withdrawn. Counsel apparently then withdrew the CPL 190.50 notice. The resulting indictment is the subject of this motion.
*1026 The defendant is a predicate felon, and under the statutory plea bargaining restrictions, must plead to no less than a class D violent felony which carries a minimum sentence of from 2lA to five years’ imprisonment. (Penal Law § 70.04; CPL 220.10 [5] [d] [ii].)
As a matter of due process of law under the Federal Constitution, the prosecution may withdraw a previously offered plea even though the defendant has accepted the offer. (Mabry v Johnson, 467 US 504 [1984].) This court has found no State appellate precedent to indicate that the State Constitution requires a different result.
This is not to say that the court disagrees with the defendant’s proposition that fairness must control in the plea bargaining process, as at any stage of a criminal prosecution. It is clear, however, that the Assistant District Attorney’s motivation in offering the misdemeanor plea, was that the defendant not be paroled under the CPL 180.80 statute. This concern was communicated to defense counsel, in the form of the condition that the offer would be withdrawn once the Grand Jury presentment had begun. Obviously, defense counsel could not finally accept the plea without speaking to his client. What defense counsel could have done, but did not do in this case, is agree to waive the operation of CPL 180.80 in consideration for the prosecution’s agreement not to proceed to the Grand Jury and to allow time for the defendant to consider the plea offer.
"The judicial acceptance of plea bargaining * * * rests upon broad[] policy considerations. In addition to permitting a substantial conservation of prosecutorial and judicial resources, it provides a means where, by mutual concessions, the parties may obtain a prompt resolution of criminal proceedings with all the benefits that enure from final disposition. The plea bargain, or negotiated sentence, enables the parties to avoid the delay and uncertainties of trial and appeal and permits swift and certain punishment of law violators with sentences tailored to the circumstances of the case at hand (see generally, Santobello v New York, 404 US 257, 261; People v Selikoff, 35 NY2d 227, 233-235, supra). The pleading process necessarily includes the surrender of many guaranteed rights but when there is no constitutional or statutory mandate and no public policy prohibiting it, an accused may waive any right which he or she enjoys (Schick v United States, 195 US 65, 72).” (People v Seaberg, 74 NY2d 1, 7 [1989].)
These considerations apply equally to plea bargaining prior *1027 to indictment. The process requires mutual concessions which address the relative concerns of the defendant and of the prosecution. In this case, the prosecution’s concern was to avoid the operation of CPL 180.80. The defendant’s concern was to avoid the operation of the mandatory limits upon plea bargaining and the mandatory sentencing laws that would apply upon the return of an indictment. Had the negotiations directly addressed these respective concerns, the defendant could have benefited by waiver of the mandatory parole provision of CPL 180.80, thus allowing the prosecution to forego the need for a Grand Jury presentation to continue the defendant’s bail conditions.
In order to obtain the benefit of this bargain, defense counsel did not need to await the arrival of his client. The decision whether to plead guilty is a fundamental decision reserved to the defendant personally (see, Jones v Barnes, 463 US 745, 751). Defense counsel necessarily had to await his client in order to determine whether the defendant would accept the plea offer. However, the decision to waive the operation of CPL 180.80 is not a decision of the same order; but is one of those decisions properly made by the defendant’s attorney who is in the best position to know whether under the circumstances, such waiver is in the client’s best interests. (Cf., People v Ferguson, 67 NY2d 383, 390 [1986].) Where necessary, such decisions can be made in the defendant’s absence. (Supra, at 389.) Counsel’s decision not to forego the operation of CPL 180.80 is defensible, but the defendant must abide the result of that decision.
For the reasons set forth herein, the court finds that the defendant was not deprived of fundamental fairness in the plea bargaining process, but that defense counsel engaged in a strategy designed to obtain a benefit for his client, without making the concession of the defendant’s right to automatic release which would have secured the bargain. Instead of addressing the concern that the Grand Jury might not reach the defendant’s case and that the delay would compel the defendant’s release, the bargaining process became a kind of brinkmanship in which the defendant lost the benefit of the bargain. It is unfortunate that the defendant did not receive the benefit of the offer. However, it must be remembered that the plea bargaining process operates by virtue of mutual incentive and concession.
The motion to dismiss is accordingly denied.