■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCILO RICHIEZ, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered January 5, 1987, convicting defendant, after jury trial, of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, and two counts of criminal sale of a controlled substance in the third degree, and sentencing him to concurrent terms of imprisonment of fifteen years to life, fifteen years to life, five to fifteen years, and five to fifteen years, respectively, unanimously affirmed.

Defendant's conviction arises out of his arrest, along with two co-defendants, for his part in a drug-selling operation out of an apartment at 225 East 176th Street, in the Bronx. The operation had been the subject of an ongoing undercover detail involving several different purchases of cocaine with pre-recorded buy money.

Defendant's oral application for a bench trial, coming after the trial court's denial of a severance requested by a co-defendant, was improperly made as it was not in writing and signed by defendant in open court (CPL 320.10 [2]). Additionally, we perceive no abuse of discretion by the trial court in denying defendant's application as an attempt to obtain indirectly a severance previously denied at his co-defendant's request *(People v Diaz,* 10 AD2d 80, *affd* 8 NY2d 1061).

Defendant failed to preserve his claim of an erroneous *Sandoval* ruling by appropriate and timely exception (CPL 470.05 [2]). In any event, the trial court properly exercised its discretion in ruling that the acts underlying defendant's youthful offender adjudication in connection with a larceny charge were admissible as relevant to credibility *(People v Sandoval,* 34 NY2d 371), although ruling the adjudication itself inadmissible *(People v Duffy,* 36 NY2d 258, *cert denied* 423 US 861).

There is no merit to defendant's claim of undue prejudice by admission into evidence of two handguns recovered at the premises in question. Defendant was charged with illegal possession of the guns by the tenth and eleventh counts of the indictment herein, and the People were obligated to offer relevant evidence regarding those charges (CPL 70.20; *see, e.g., People v Green,* 35 NY2d 437). Additionally, the trial court specifically instructed the jury that the non-submission of certain counts had no bearing whatsoever on their deliberations with respect to the submitted counts. As it is presumed that the jury followed the court's instructions *(People v Rodriguez,* 103 AD2d 121), there is no showing of any prejudice to defendant by admission of evidence regarding the two gun possession counts which, ultimately, were not submitted to the jury.

We perceive no abuse of discretion by the trial court in allowing the People to reserve their right to attempt to lay a proper foundation for admission into evidence of the attache case used to carry the drugs (referred to repeatedly during the trial), nor any prejudice to defendant by reopening the case for that purpose (CPL 260.30; *see, e.g., People v Olsen,* 34 NY2d 349).

Finally, we reject defendant's claim of error regarding the substitution of an alternate juror for a sitting juror who failed to return to the courtroom at 2:00 P.M., as instructed, after a lunch recess. Efforts made to locate the missing juror in and about the courthouse proved futile, and the juror did not telephone or make any effort to contact the court to explain her absence. Requests by defense counsel to ascertain if any of the other jurors knew of the missing juror's whereabouts, and to wait an additional fifteen minutes before substituting an alternate juror were complied with by the trial court, all to no avail. At 3:15 P.M, an alternate juror was substituted for the missing juror, without further objection by defense counsel. Thus, the issue was not properly preserved for appellate review *(People v George,* 67 NY2d 817), and in any event the

trial court duly made reasonably thorough inquiry and recitation on the record of the facts and reasons for replacing the juror, based upon inexplicable and obvious unavailability and obvious unavailability for continued service *(see, People v Page,* 72 NY2d 69). Concur—Murphy, P. J., Sullivan, Asch, Kassal and Rubin, JJ.