■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE ANTONIO, Also Known as SANTANA ANTONIO, Also Known as ANTONIO SANTANA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MEDERCIO HUNT, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered on January 7, 1987, convicting defendant Antonio, after a jury trial, of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree and sentencing him to concurrent prison terms of 15 years to life on each charge, unanimously affirmed.

Judgment of the same court, rendered January 5, 1987, convicting defendant Hunt, after a jury trial, of criminal sale of a controlled substance in the first and third degrees and criminal possession of a controlled substance in the first and third degrees and sentencing him to concurrent prison terms of 15 years to life and 5 to 15 years respectively, unanimously affirmed.

Defendant Antonio's conviction, based on his drug-related activities in the subject apartment that was under police

surveillance, has support in the record and will not be disturbed.

Defendant Hunt was not denied due process by the prosecutor's withholding of his consent to a plea bargain offer to a lesser crime because of co-defendant Antonio's refusal to similarly plead guilty. The prosecutor's plea bargain offer to defendant Hunt was conditioned upon guilty pleas being entered by all three defendants. The prosecutor is free to dictate the terms under which he or she will agree to consent to accept a guilty plea, and where such terms are not met, consent may be withheld. Further, the withholding of such consent, by statutory mandate, renders the court without authority to accept a plea to anything less than the entire indictment. *(See, People v Perez,* 156 AD2d 7, 11; *see also, Matter of Gribetz v Edelstein,* 66 AD2d 788; *Matter of Gold v Booth,* 79 AD2d 691, *lv denied* 52 NY2d 706, *cert denied sub nom. Sapio v Gold,* 454 US 840.)

Defendant Hunt was not deprived of his constitutional and statutory rights to a jury trial when the trial court, after due inquiry and over defense counsel's initial objection, discharged a sworn juror who failed to return, as instructed, after a lunch recess. In *People v Richiez* (173 AD2d 234), we recently had the occasion to review and reject this claim which was raised by co-defendant Lucilio Richiez.

We have reviewed the other claims of defendant Antonio, as set forth in his *pro se* supplemental brief, which was submitted 20 months following oral argument of the instant appeals, and find them to be meritless. Concur—Kupferman, J. P., Ross, Asch, Smith and Rubin, JJ.