■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY MOLFINO, JACK CLARK, JOSEPH COSTA and JAY MIG-DAL, Respondents.—Order of the Supreme Court, New York County (Bernard J. Fried, J.), entered on November 5, 1990, which dismissed the indictment against defendants, is unanimously reversed on the law and the indictment reinstated.

From May of 1988 to December of 1988, it is alleged that defendants operated a bookmaking enterprise that resulted in their repeated arrests and indictments on felony charges in Manhattan, Brooklyn and Staten Island. After the police were advised by Pennsylvania authorities that an apartment on East 60th Street was the site of such an illegal operation, they undertook a surveillance that ultimately led on December 12, 1988 to their procuring and executing a search warrant for

the premises. The officers arrived just as defendant Clark was opening the door to depart. Defendants Molfino, Costa and Migdal were at a table holding slips representing in excess of $880,000 in bets placed that day alone. Other gambling records discovered in the apartment indicated that the bookmaking operation had generated more than $3,500,000 in bets for the week. Inside the premises were five telephones, five tape recorders, a calculator, a sports schedule and other gambling paraphernalia.

The four defendants were indicted on April 21, 1989 for promoting gambling in the first degree and possession of gambling records in the first degree. Pretrial proceedings, including plea negotiations, were conducted during the following year. However, disposition of the case was delayed due to the desire of the parties to resolve the pending Brooklyn and Staten Island matters in conjunction with the instant charges. The Brooklyn and Staten Island cases were finally settled in early 1989 when Clark pleaded guilty to a misdemeanor in Brooklyn, Costa pleaded guilty to a misdemeanor in Brooklyn and another one in Staten Island, Molfino pleaded guilty to a misdemeanor in Staten Island and Migdal entered a felony plea in Staten Island and pleaded to a misdemeanor in Brooklyn. None of the defendants received a jail sentence. Thereafter, on May 9, 1990, defendants offered to plead to the present indictment, but only Migdal, who already had a felony conviction, was willing to enter a felony plea, and all of the defendants insisted that the penalty be limited to fines and conditional discharges. Since defendants refused to accept a sentence that included probation, the matter was adjourned for trial.

On July 17, 1990, the People proposed a new plea agreement in which they would forego probation as a penalty so long as defendants received conditional discharges and someone other than Migdal, who already had a felony conviction to his record, pleaded guilty to a felony. The court indicated its disapproval of such an arrangement, and there ensued a discussion between the prosecutor and the Judge concerning the issue of probation as opposed to a conditional discharge. Finally, the court suggested that defendants might wish to make further motions, one of which could be for dismissal in the interests of justice. On the other hand, the Judge remarked, he would also sanction the plea agreement if defendants were in accord with it. After defendants' counsel expressed their disinclination to go along with the People's offer and stated that instead they would prepare motions, the Court

denied the People's request for a trial date. Defendants' motions to dismiss the indictment in the interests of justice ensued. They contended that gambling is a victimless crime and that similar gambling cases are not prosecuted by indictment. They also asserted that notwithstanding their prior gambling convictions, each of them was a middle-aged family man. In response, the prosecution pointed out, among other things, that the public-at-large is victimized by the enormous tax-free profits engendered by illegal gambling and channeled into such unlawful activities as narcotics.

The court ultimately granted dismissal in the interests of justice despite noting that gambling is not a victimless crime, that the evidence here was sufficient to demonstrate defendants' guilt and that "the history, character, and circumstances of each defendant are not such as would support dismissal." The only basis for the Judge's action was that he had decided that the District Attorney's dispositional proposal was "purely arbitrary" that would "permit a case outcome to be determined without reference to the People's proof, without consideration of an individual's culpability and without an articulable, rational basis for disposition." The court then proceeded to comment that "[t]his is not tolerable, and I believe it is not inappropriate to characterize such an attempted utilization of the court as serious misconduct. It would reduce the confidence of the public in the criminal justice system if plea bargaining of this type were to be tolerated." The Judge continued to depict further how public confidence would be undermined by the prosecution's plea proposal, finally concluding that "[s]ince it is evident that this prosecution lacks probity, or a substantial basis to proceed further", the prosecution should be terminated. Thus, the court, rather than complying with the dictates of CPL 210.40 (1), dismissed the indictment simply because it objected to the plea agreement propounded by the People. According to CPL 210.40 (1):

"An indictment or any count thereof may be dismissed in furtherance of justice, as provided in paragraph (i) of subdivision one of section 210.20 when, even though there may be no basis for dismissal as a matter of law upon any ground specified in paragraphs (a) through (h) of said subdivision one of section 210.20, such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice. In determin-

ing whether such compelling factor, consideration, or circumstance exists, the court must, to the extent applicable, examine and consider, individually and collectively, the following:

"(a) the seriousness and circumstances of the offense;

"(b) the extent of harm caused by the offense;

"(c) the evidence of guilt, whether admissible or inadmissible at trial;

"(d) the history, character and condition of the defendant;

"(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;

"(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;

"(g) the impact of a dismissal upon the confidence of the public in the criminal justice system;

"(h) the impact of a dismissal on the safety or welfare of the community;

"(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;

"(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose."

In *People v Rickert* (58 NY2d 122, 128), the Court of Appeals observed in connection with this provision that "while the statute does not compel catechistic on-the-record discussion of items (a) through (j), useful as that would be to indicate that in fact all applicable items have been considered, the need to show that the ultimate reasons given for the dismissal are both real and compelling almost inevitably will mean that one or more of the statutory criteria, even if only the catchall (j), will yield to ready identification". In that regard, the court's disagreement with a plea offer is not a real and compelling reason. Indeed, insofar as the court gave consideration to the enumerated factors, it rejected their relevance herein except possibly subdivisions (e), (f), (g) and (j) which it attempted to depict as applicable by virtue of, in the Judge's view, an unacceptable plea proposal. However, although the court is certainly justified in disallowing the implementation of a particular plea bargain *(People v Farrar,* 52 NY2d 302) which it deems inappropriate and demanding that the parties proceed to trial, it may not invoke the extraordinary remedy of dismissal in the interests of justice under CPL 210.40 on that ground alone. In fact, what appears to have occurred in the instant situation is that the parties' inability to come to an

arrangement with respect to the plea and sentence was improperly attributed by the court to the intransigence and unreasonableness of the People alone. Since the court seems to have determined that this was a case that should be disposed of by plea instead of trial, it concluded without cause that the prosecution's insistence on certain terms was strictly arbitrary. This was without foundation and in error. The indictment against defendants should, consequently, be reinstated. Concur—Milonas, J. P., Rosenberger, Kupferman, Ross and Asch, JJ.