■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODWELL JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered September 7, 1989, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the appeal is dismissed.

As a condition of his plea agreement, the defendant knowingly, intelligently and voluntarily waived his right to appeal. Therefore, this appeal must be dismissed *(see, People v Seaberg,* 74 NY2d 1; *see also, People v Cicciari,* 175 AD2d 255). In any event, there is no merit to the defendant's contention that he is entitled to specific performance of a pre-indictment plea offer initially extended by the prosecution. The record clearly reveals that the defendant never unequivocally expressed his acceptance of the People's offer that he plead to a charge of attempted second degree robbery in exchange for a sentence of one year in jail. As a result, the case was voted on by the Grand Jury, the instant indictment was returned, and the pre-indictment plea offer was withdrawn. In the absence of an unequivocal expression of acceptance of the plea offer, upon which the defendant relied, the defendant may not compel specific performance *(see, Matter of Gold v Booth,* 79 AD2d 691, *cert denied sub nom. Sapio v Gold,* 454 US 840). Even assuming *arguendo* that the defendant communicated his acceptance of the pre-indictment plea offer to the People before it was withdrawn, he would still not be entitled to specific performance since his ultimate guilty plea to the first degree robbery charge alleged in the indictment was knowingly, intelligently, and voluntarily offered, and was not induced by any reliance upon the withdrawn pre-indictment plea offer *(see, Mabry v Johnson,* 467 US 504; *People v Johnson,* 150 Misc 2d 1024; *People v Carter,* 134 Misc 2d 878, *affd* 155 AD2d 608; *cf., Santobello v New York,* 404 US 257). Thompson, J. P., Rosenblatt, Miller and Copertino, JJ., concur.