OPINION OF THE COURT
Emily Jane Goodman, J.
The defendant, charged with a single count of criminal possession of a weapon in the third degree, has moved for dismissal of the indictment in the furtherance of justice, pursuant to CPL 210.20, 210.40 and People v Clayton (41 AD2d 204).
The defendant has presented evidence relating to his good character and his life history. Mr. Doe (whose name has been changed for publication) is 30 years old and has lived in the United States for 18 years, in which time he has apparently overcome some difficult circumstances and a troubled childhood but has never before been arrested. Under existing appellate case law, however, the absence of a criminal record and an exemplary character standing alone, are not sufficient to compel a dismissal in the interest of justice. (People v Varela, 106 AD2d 339.)
The primary issue raised by the defendant’s motion, which appears to be one of first impression, is that of the potential collateral effect of a conviction for the offense charged. Specifically, the defendant asserts that if convicted of this crime he might face deportation under Federal immigration law. Deportation, an extreme punishment, would separate Mr. Doe from his entire family and return him alone to a country he left as a child and barely knows. It would truly be banishment. However, in addressing this compelling issue the court has concluded that for several reasons potential immigration consequences cannot provide the basis for dismissing the charge in this case.
The immigration consequences, while potentially devastating and arguably unjust, are also speculative. The deportation process must be initiated by the Immigration and Naturalization Service and there is no certainty that it will be. Still, such a decision is one for Federal authorities to make acting under Federal law. To hold otherwise and dismiss would effectively be to grant a class of people — resident aliens with favorable life histories — a special status unavailable to all *801 others, including United States citizens, which would insulate them from criminal prosecution for deportable offenses such as weapons possession.
The range of penalties prescribed by State law in the event of a conviction are certainly justified given the seriousness of the handgun problem in our society. While there is no evidence before the court that the defendant intended to use the gun to facilitate another crime or to perform an act of violence, the court is mindful that a gun, even if possessed defensively, has no purpose other than to threaten, wound or kill other human beings and it is always a dangerous object.
The defendant also asserts that the District Attorney’s refusal to allow him to plead guilty to attempted criminal possession of a weapon is an abuse of prosecutorial discretion. While the District Attorney could exercise discretion and reduce the charge to a lesser felony, as is routinely done in plea bargaining in the vast majority of cases in our courts, it is in the sole discretion of the prosecutor to allow such a plea. (People v Esajerre, 35 NY2d 463, 467; CPL 220.10 [4].) While a guilty plea to a somewhat reduced charge of attempted possession of a weapon would still result in the defendant’s conviction of a felony while apparently avoiding the immigration consequences of a conviction for actual possession (see, Matter of Hou, 1992 WL 443918 [B.I.A. 1992] [holding that attempted possession of a weapon is not a deportable offense]), the refusal of the prosecutor to offer such a plea is not grounds for a dismissal in the interest of justice. (People v Molfino, 178 AD2d 238; People v Perez, 156 AD2d 7.)*
Therefore, after full consideration of the arguments and the statutory criteria, the court finds no authority to dismiss the instant case in the interest of justice as defined by existing case law. (See, e.g., People v Insignares, 109 AD2d 211.) While the potential Federal immigration consequences of a conviction are serious, this alone does not make this one of those rare and unusual cases that "cries out for fundamental justice beyond the confines of conventional considerations.” (People v Beige, 41 NY2d 60, 62-63 [Fuchsberg, J., concurring]; People v Clayton, 41 AD2d 204, 206, supra.)
Defendant’s motion to dismiss the indictment in the interest of justice is therefore denied.

 Changes in Federal law under the crime bill now before the U. S. Congress may soon make even attempted possession a deportable offense.