■ The People of the State of New York, Respondent, v Tyrone Dicks, Appellant. [698 NYS2d 477] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered October 17, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The record establishes that defendant received effective assistance of counsel. None of the alleged errors by counsel could have deprived defendant of a fair trial (*see, People v Benevento*, 91 NY2d 708, 713-714). We note that counsel's failure to advise defendant of the impending expiration of a plea offer that was previously rejected by defendant did not constitute ineffective assistance of counsel since the court was under no obligation to hold open a rejected plea offer (*see, People v Johnson*, 181 AD2d 832, *lv denied* 80 NY2d 833). Concur—Sullivan, J. P., Nardelli, Mazzarelli, Lerner and Buckley, JJ.

■ In the Matter of Samuel E., a Person Alleged to be a Juvenile Delinquent, Appellant. [698 NYS2d 853] —Order of disposition, Family Court, New York County (Clark Richardson, J.), entered on or about July 24, 1998, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that appellant committed acts which, if committed by an adult, would constitute the crimes of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and loitering in the first degree, and placed him with the New York State Division for Youth for a period of 3 years, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the court's determinations concerning identification. Concur—Sullivan, J. P., Nardelli, Mazzarelli, Lerner and Buckley, JJ.

■ Morgan Barrington Associates of New York, Inc., Respondent, and Pergolis-Swartz, Inc., Intervenor-