■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY MORET, Appellant. [735 NYS2d 535] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered February 17, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly exercised its discretion in refusing to accept defendant's offer to plead guilty to a lesser offense when, during the plea allocution, defendant flatly denied his guilt. A plea of guilty to less than the entire indictment may not be entered as of right, but only with the permission of the court and prosecutor (CPL 220.10). Moreover, a court is not obligated to accept an *Alford* plea (*North Carolina v Alford*, 400 US 25, 38 n 11), and, in any event, defendant gave no indication that he wished to enter one.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. Defendant's participation in the sale was clearly established by credible evidence that the codefendant gave the prerecorded buy money to defendant, who was found in possession of it, and that defendant supplied the drugs to the codefendant for transfer to the undercover officer.

The court properly exercised its discretion in denying

defendant's mistrial motion made when a People's witness inadvertently violated an in limine ruling concerning additional money recovered from defendant. A curative instruction would have sufficed but defendant rejected the court's offer to provide such an instruction (*see, People v Young*, 48 NY2d 995). Moreover, the total monies recovered were not of such great amount as to lead to a prejudicial inference. Concur—Tom, J.P., Mazzarelli, Andrias, Ellerin and Marlow, JJ.