The defendant’s claim that the People made an improper “safe streets” argument in summation is unpreserved for appellate review, as he did not object to the remarks at issue (see CPL 470.05 [2]; People v Parker-Davidson, 89 AD3d 1114 [2011]). In any event, contrary to the defendant’s contention, the prosecutor did not assert an unduly prejudicial “safe streets” argument (see People v Malave, 7 AD3d 542, 543 [2004]; People v Tolliver, 267 AD2d 1007, 1008 [1999]). The remaining comments challenged by the defendant were fair response to arguments made by defense counsel, were fair comment on the evidence, or otherwise did not deprive the defendant of a fair trial (see People v Hudson, 54 AD3d 774, 775 [2008]; People v Olivo, 23 AD3d 584 [2005]). Even if any of these comments did in some way denigrate defense counsel, they were not so derogatory as to deprive the defendant of a fair trial (see People v McDonald, 79 AD3d 771, 772 [2010]).
Contrary to the defendant’s contention, certain testimony *897 given by a prosecution witness did not violate the trial court’s in limine ruling. Even if the testimony did violate the ruling, the court providently exercised its discretion in denying the defendant’s motion for a mistrial based on the testimony The testimony was not prejudicial to the defendant, and the defendant rejected the court’s offer to provide a curative instruction (see People v Moret, 290 AD2d 250, 251 [2002]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, J.P., Lott, Roman and Cohen, JJ., concur.