Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered June 2, 2011, convicting her of manslaughter in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the evidence was legally insufficient to support her conviction of manslaughter in the second degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt *747 beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contentions regarding the prosecutor’s opening and closing statements are unpreserved for appellate review (see CPL 470.05 [2]; People v Dunn, 54 AD3d 871 [2008]). In any event, the challenged remarks constituted fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109 [1976]), or fair response to arguments presented in the defense counsel’s summation (see People v Galloway, 54 NY2d 396, 400-401 [1981]; People v Kennedy, 101 AD3d 1045 [2012]; People v Caba, 101 AD3d 896 [2012]), or were harmless, as the evidence of the defendant’s guilt was overwhelming, and there is no significant probability that the allegedly improper comments contributed to the defendant’s conviction (see People v Crimmins, 36 NY2d 230, 240-241 [1975]; People v Blinker, 80 AD3d 619, 621 [2011]).
The defendant’s contention that the jury charge on manslaughter in the second degree was deficient is unpreserved for appellate review (see CPL 470.05 [2]). In any event, the trial court’s charge, which conformed to the standard Criminal Jury Instructions (see CJI2d[NY] Penal Law § 125.15 [1]), was adequate to convey the applicable legal standard on causation (see Penal Law § 125.15 [1]; People v White, 75 AD3d 109, 120 [2010]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions either are without merit or relate to harmless error. Rivera, J.P., Lott, Roman and Sgroi, JJ., concur.