■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHIEM SWAILS, Appellant. [985 NYS2d 729]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered March 7, 2011, convicting him of robbery in the first degree (two counts), attempted robbery in the first degree, robbery in the third degree (two counts), and attempted robbery in the third degree, upon a jury verdict, and sentencing him to determinate terms of 17 years of imprisonment on each conviction of robbery in the first degree followed by five years of postrelease supervision and 12 years of imprisonment for attempted robbery in the first degree followed by five years of postrelease supervision, and indeterminate terms of $3^1/_2$ to 7 years of imprisonment on each conviction of robbery in the third degree, and 2 to 4 years of imprisonment for attempted robbery in the third degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the determinate terms of imprisonment imposed upon the convictions of robbery in the first degree from 17 years followed by five years of postrelease supervision to 12 years followed by five years of postrelease supervision; as so modified, the judgment is affirmed.

The defendant was accused of robbing two banks and attempting to rob a third bank. Charged with multiple felony counts, the defendant was to plead guilty to attempted robbery in the second degree, in full satisfaction of the indictment, with the understanding that he would receive a certain sentence. After a plea allocution, the Supreme Court stated that the plea was acceptable to the court, but the prosecutor, in effect, objected to the allocution. After making further inquiry of the defendant, the court stated that the plea was acceptable to the court if it was acceptable to the People. The prosecutor, in effect, objected again, stating his belief that the allocution was not legally sufficient. The matters then proceeded to a jury trial, after which the defendant was convicted of two counts of robbery in the first degree, attempted robbery in the first degree, two counts of robbery in the third degree, and attempted robbery in the third degree.

The defendant's contention that the Supreme Court erred in refusing to accept his plea is without merit. "Since, in effect, permission to enter a lesser plea is a matter of grace, reasonable conditions may be attached thereto. What is reasonable is generally a question of fact attendant upon the circumstances" (*People v Esajerre*, 35 NY2d 463, 467 [1974]). "A District Attorney may dictate the terms under which he [or she] will agree to consent to accept a guilty plea and where his terms are not met, he [or she] may withhold such consent; the withholding of

such consent by statutory mandate renders the court without authority to accept a plea to anything less than the entire indictment" (*Matter of Gribetz v Edelstein*, 66 AD2d 788, 788 [1978]; *see People v Antonio*, 176 AD2d 528, 529 [1991]). Here, in view of the prosecutor's objections to the plea allocution, the court did not err in refusing to accept the plea (*cf. People v Moret*, 290 AD2d 250 [2002]; *People v Galvin*, 249 AD2d 946 [1998]). Indeed, some of the defendant's statements in the colloquy cast doubt on whether the defendant understood the nature of the charges.

The sentences imposed on the convictions of robbery in the first degree were excessive to the extent indicated herein. Skelos, J.P., Sgroi, Cohen and LaSalle, JJ., concur.