THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GEORGE ANDREW, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered December 14, 1979, which dismissed the first count of an indictment, charging defendant with criminal possession of a weapon in the second degree. Order reversed, on the law, motion denied, first count of the indictment reinstated, and matter remitted to Criminal Term for further proceedings. Defendant was indicted for the crimes of possession of a weapon in the second degree and menacing. The trial court granted the motion by defendant to dismiss the first count of the indictment in the furtherance of justice (CPL 210.20, 210.40). Thereafter, defendant entered a guilty plea to the remaining count of the indictment. A count of an indictment may be dismissed in the furtherance of justice when "such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice" (CPL 210.40, subd 1). In *People v Clayton* (41 AD2d 204, 208), Mr. Justice Hopkins, writing for this court, stated that in considering a dismissal on this ground a court must maintain a "sensitive balance between the individual and the State". He elucidated the specific considerations applicable to this issue (p 208): "(a) the nature of the crime, (b) the available evidence of guilt, (c) the prior record of the defendant, (d) the punishment already suffered by the defendant, (e) the purpose and effect of further punishment, (f) any prejudice resulting to the defendant by the passage of time and (g) the impact on the public interest of a dismissal of the indictment."* In reviewing the record in the instant matter we find that defendant has not shown the existence of any "compelling" factor which would warrant a dismissal of the first count of the indictment. Although we are aware that defendant has no prior record, that circumstance standing alone is not sufficient to justify the dismissal. Further, in view of the fact that the crime charged involved a loaded firearm we feel that the impact on the public interest weighed heavily against the dismissal. Therefore, we conclude that the trial court abused its discretion by ordering the dismissal in the absence of any showing of compelling circumstances. Accordingly, the first count of the indictment must be reinstated and the matter remitted for further proceedings. Damiani, J. P., Gulotta, Martuscello and O'Connor, JJ., concur

---

* CPL 210.40 was amended after the order under review was made so as to incorporate in it many of the factors set forth in *People v Clayton* (41 AD2d 204, 208).