OPINION OF THE COURT
Pino, P. J.
Defendant herein was charged with 16 counts of illegally obtaining unemployment insurance in violation of section 632 (subd 1, par [a]) of the Labor Law. The court below in granting defendant’s motion to dismiss in the interests of justice relied primarily upon the supposed “exceptionally serious misconduct” of the People in the prosecution of defendant (CPL 170.40, subd 1, par [e]). The misconduct consisted of two conversations with the defendant, who was without counsel, by representatives of the prosecution regarding a plea and restitution, after the filing of the accusatory instrument. The court found that the People’s conduct violated defendant’s right of counsel and constituted a compelling factor justifying dismissal of the charges. We cannot agree. While the court possesses the *1098 discretion to dismiss an information in the furtherance of justice, that discretion is neither absolute nor uncontrolled (People v Wingard, 33 NY2d 192, 196). Judicial discretion in this area should be employed cautiously and sparingly (People v Clayton, 41 AD2d 204; People v Boyer, 105 Misc 2d 877; People v James, 98 Misc 2d 755).
In our opinion, the lower court has expanded the defendant’s State constitutional right to counsel far beyond its intended bounds. Upon the commencement of criminal proceedings, the right to counsel indelibly attaches without regard to whether a defendant in fact has or has not requested counsel (People v Cunningham, 49 NY2d 203; People v Samuels, 49 NY2d 218). Further, there can be no effective waiver of counsel unless made in the presence of an attorney (People v Settles, 46 NY2d 154, 165). The rationale for this rule is that once the character of the police function shifts from investigatory to accusatory the assistance of counsel becomes indispensable (People v Kazmarick, 52 NY2d 322).
According to defendant’s testimony at the Clayton hearing, she appeared in court after receiving a letter from the Labor Department advising her that she owed the State $1,017.75. She brought $200 with her to commence repayment although no one had advised her to do so. The money was given to a representative of the Labor Department. On her second court appearance she spoke to a representative of the Attorney-General’s office who explained to her that she had been charged with a misdemeanor and “what would happen”.
The record reveals that the matter was adjourned a number of times, without a plea being taken, to permit defendant to complete her restitution. Apparently, counsel was assigned to represent defendant after the second court appearance.
While we do not consider .it proper for the Attorney-General’s office to have discussed this case with defendant, absent counsel, after the commencement of the proceeding (see People v Settles, supra, p 164), it cannot be said that such conduct constituted “exceptionally serious misconduct” within the purview of thé statute. The only prejudice claimed by defendant arising from these uncounseled dis *1099 cussions was that she made a damaging admission of wrongdoing by agreeing to a schedule of restitution payments. However, defendant stated that she had volunteered to make restitution without any solicitation by the People.
The solicitude with which our courts treat the fundamental right to counsel is based upon the belief that the presence of counsel is the most effective way of minimizing the disadvantage at which an accused is placed when confronted with the awesome power of the State (People v Cunningham, supra, p 207; People v Hobson, 39 NY2d 479). While the rule prohibits, after the filing of an accusatory instrument, interrogation or other similar conduct by law enforcement personnel in the absence of counsel (see People v Pepper, 53 NY2d 213; People v Grimaldi, 52 NY2d 611; People v Skinner, 52 NY2d 24; People v Settles, supra), a truly spontaneous statement does not violate defendant’s Fifth or Sixth Amendment rights (People v Rogers, 48 NY2d 167, 174; People v Roucchio, 70 AD2d 322; People v Brooks, 103 Misc 2d 294; People v Brown, 86 Misc 2d 339). Certainly, the spontaneously volunteered offer of restitution was not the result of inducement, provocation or any overreaching by the State (People v Lucas, 53 NY2d 678; People v Maerling, 46 NY2d 289).
The other factors relied upon by the lower court to justify the dismissal, while perhaps persuasive, are not compelling (People v Andrew, 78 AD2d 683; People v Stern, 83 Misc 2d 935).
While defendant made restitution, this does not alter the fact that defendant’s conduct was willful and deliberate. We are not unmindful that restitution was made only after formal criminal proceedings had been commenced. Public policy mandates that individuals discovered willfully and falsely obtaining unemployment insurance not be excused for the criminal consequences thereof merely because they repay the sums unlawfully received. While restitution may have the effect of mitigating the severity of the sentence that may be imposed, it does not justify dismissal of the accusatory instrument.
*1100 Order unanimously reversed, on the law and facts, motion to dismiss denied and matter remanded to the court below for all further proceedings.
Buschmann and Hirsch, JJ., concur.