OPINION OF THE COURT

Per Curiam.

Order dated September 9, 1982, reversed, information reinstated, plea of guilty to the violation of disorderly conduct vacated, and matter remanded to the Criminal Court for further proceedings.
In this prosecution charging defendant with having illegally obtained unemployment insurance benefits by means of false representations, in violation of section 632 (subd 1, par [a]) of the Labor Law, the Criminal Court, over objection of the Attorney-General, dismissed the charges contained in the accusatory instrument, proceeded to “add” the violation of disorderly conduct (Penal Law, § 240.20), and accepted a guilty plea to that charge. In so doing, the *201 court expressed its view that the People, in prosecuting this case with an eye toward restitution as the appropriate sanction, thereby misused “the process of the Court * * * as a collection agency for various City agencies or State agencies”. We have previously noted that dismissal of section 632 criminal proceedings is inappropriate where the reason given is the court’s opinion that the State should be relegated to a civil action to recover the illegally acquired benefits (People v Colter, NYLJ, Dec. 19, 1980, p 5, col 1). Section 65.10 of the Penal Law expressly permits restitution as a term of a conditional discharge (the sentence generally imposed upon a plea of guilty in cases of this type); “[t]here thus is no essential repugnance in ordering restitution in the context of a criminal proceeding” (People v Colter, supra, col 4). While individual Judges may disagree with the Attorney-General’s stated method of handling these cases, that does not provide a valid basis for the dismissal of a misdemeanor action properly commenced in the Criminal Court. Nor would the public interest be served by a dismissal in the furtherance of justice (see People v Eubanks, 114 Misc 2d 1097, 1099).
Sullivan, J. P., Sandifer and Parness, JJ., concur.