*395 OPINION OF THE COURT
Alfred Donati, Jr., J.
Defendants Ben Levi, Welz, Bauer, Lapidus, Taylor, Carresco, Rafsky and Schoen are charged with resisting arrest (Penal Law § 205.30), a class A misdemeanor, and disorderly conduct (Penal Law § 240.20), a violation. Defendants Jacobs and Sellers are charged with obstructing governmental administration in the second degree (Penal Law § 195.05), a class A misdemeanor, and disorderly conduct.
The defendants’ arrests stem from their participation in a demonstration organized by the AIDS Coalition to Unleash Power (ACT-UP), an activist group dedicated to focusing attention upon the AIDS crisis in New York City and nationwide. It is alleged that the defendants sat in the middle of the street at the intersection of Broadway and Thomas Street thereby preventing both vehicular and pedestrian traffic from passing. It is further alleged that the defendants refused to be handcuffed, went limp and had to be carried away.
According to the defendants, the demonstration was designed to bring attention to what they perceive as the New York City government’s inadequate response to the AIDS epidemic. In support of their motion, many of the defendants submitted affidavits describing their personal experiences with AIDS and expressing their profound concern -with the city’s reaction to problems associated with the AIDS crisis. In essence, the defendants argue that their actions on June 19, 1989 were necessary in order to enlighten the public regarding the city’s lack of response to the AIDS crisis. The defendants characterize their actions as a public service designed to save lives of those persons who are HIV positive or who have been diagnosed as having AIDS. According to the defendants, the facts of this case warrant dismissal in the interest of justice.
The defendants’ motion to dismiss in the interest of justice must be determined upon consideration of 10 factors set forth in CPL 170.40 (1):
"(a) the seriousness and circumstances of the offense;
"(b) the extent of harm caused by the offense;
"(c) the evidence of guilt, whether admissible or inadmissible at trial;
"(d) the history, character and condition of the defendant;
"(e) any exceptionally serious misconduct of law enforce *396 ment personnel in the investigation, arrest and prosecution of the defendant;
"(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;
"(g) the impact of a dismissal on the safety or welfare of the community;
"(h) the impact of a dismissal upon the confidence of the public in the criminal justice system;
"(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;
"(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.”
While a motion pursuant to CPL 170.30 (1) (g) and 170.40 may be granted at the discretion of the court upon consideration of the relevant factors, such discretion should be exercised cautiously and the relief granted sparingly (see, People v Andrew, 78 AD2d 683 [2d Dept 1980]; People v Eubanks, 114 Misc 2d 1097 [App Term, 2d Dept 1982]). After consideration of the interests of the defendant and the community in general (see, People v Belkota, 50 AD2d 118, 120 [4th Dept 1975]), a motion to dismiss in the interest of justice should be granted when a miscarriage of justice could result from adherence to the strict letter of the law (see, People v Andrew, supra). For the reasons detailed below, the motion is granted as to those defendants with no prior record of unlawful activity.
The court has reviewed the accusatory instruments in these cases and finds that the factual allegations contained therein — i.e., that the defendants blocked traffic and went limp upon being placed under arrest — would be sufficient to establish that the defendants committed the offenses charged if proven at trial. However, it is my view that CPL 170.40 is not intended to apply only to those cases where a violation of law is not established in the accusatory instrument, because in such a case dismissal would be warranted under other provisions of the law. Rather, a dismissal under CPL 170.40 is appropriate in those cases where a violation of the law does appear to have been committed, but the total circumstances surrounding the case, measured against the 10 factors comprising the statutory criteria set forth in CPL 170.40 (1) (a) through (j), militate in favor of dismissal.
If an act as anathema to so many Americans as the burning of the American flag is to be condoned on constitu *397 tional principles of the value of freedom of expression (see, Texas v Johnson, 491 US 397, 109 S Ct 2533, 105 L Ed 2d 342 [1989]), then it certainly would seem that demonstrations involving no offensive conduct and an objective as laudable as that of the defendants here, with an impact of unlawful activity as minimal as occurred here, should be entitled to be treated with an approach grounded in the principles of freedom of expression, as well as with compassion, at least as to those defendants with no record of prior unlawful activity. In my view, CPL 170.40 contemplates just such an evaluation. This is not because the defendants’ actions involved a constitutionally protected form of free expression or because such acts did not impinge upon the rights of others. On the contrary, the defendants’ actions did cause inconvenience to motorists and pedestrians. But, as I have noted, CPL 170.40 clearly does not contemplate application only to those cases where no violation of law at all has occurred. However, as I have also indicated, considering the defendants’ motives, the lack of offensive conduct, the peacefulness of their actions, including the lack of any affirmative resistance to the police, even though the charges include resisting arrest (Penal Law § 205.30), and the lack of physical harm to any person or property, it is my view that a dismissal of the cases of those defendants who have no prior history of arrest is an appropriate exercise of the court’s discretion under the specific guidelines set forth in CPL 170.40.
Thus, in those cases herein where a defendant has engaged in the act of civil disobedience to make the political statement which was the subject of the demonstration involved here, in the context of the peaceful and inoffensive circumstances hereinbefore detailed, and has heretofore led a law-abiding life, I believe this dismissed disposition to be appropriate. However, as to those cases herein where a defendant previously has had or exercised that opportunity, but has thereafter again disregarded the law, a different matter is presented. Defendants whose criminal records or records of prior unlawful activity thereby present a history of disregard of the law will not be permitted to benefit from ameliorative provisions of CPL 170.40. In such cases the defendants’ motives in committing the offenses charged, as well as any other mitigating circumstances accompanying such activity will be factors to be considered with respect to sentencing.
Accordingly, the following cases which involve defendants with no prior record of unlawful activity are dismissed:
*398 People v Charles Welz 90NO59357
People v Amy Bauer 90NO59349
People v Michael Jacobs 90NO59388
People v Brad D. Taylor 90N059401
People v Cesar D. Carresco 90N059402
People v Robert A. Rafsky 90N059403
The motions to dismiss in the interest of justice in the cases of the following defendants, who have a previous history of unlawful conduct, are denied:
People v Joseph Ben Levi 90NO59336
People v Barry Lapidus 90NO59373
People v William Sellars 90N059390
People v Oliver Schoen 90N059405