THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARIA REYES, Respondent.

First Department, January 21, 1992

APPEARANCES OF COUNSEL

*Donna Krone* of counsel *(Ruth E. Shillingford* with her on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for appellant.

*Donald E. Beaulieu* for respondent.

## OPINION OF THE COURT

SULLIVAN, J. P.

Defendant was arrested on February 27, 1986 while a front seat passenger in a car parked, impeding traffic, on the corner of West 151st Street and Broadway. While waiting for the driver, Rafael Aquino, to produce his license and registration, one of the arresting officers observed defendant attempting to kick a plastic bag under her seat. The bag was seized and subsequently found to contain 90 vials of cocaine. In addition, an open canvas bag containing over two ounces of cocaine, a nine-millimeter semiautomatic pistol, a magazine containing 29 live rounds of ammunition, $4,067 cash, and other drug paraphernalia, was recovered from the rear passenger seat.

Defendant and Aquino were charged with criminal possession of a controlled substance in the second degree, criminal possession of a weapon in the third degree and criminally using drug paraphernalia in the second degree and were arraigned on an indictment on March 21, 1986. At that time, defendant's parole status was continued. When neither defendant nor Aquino appeared on April 9, 1986, the adjourned date, bench warrants were issued. On July 12, 1989, more than three years later, defendant was involuntarily returned on the warrant, apparently after she was arrested while applying for a "green card" at the United States Immigration and Naturalization Service.

By notice of motion dated August 9, 1989 defendant moved for, *inter alia,* dismissal of the indictment in furtherance of justice, pursuant to CPL 210.40. In support of that aspect of the motion, defendant asserted that "[s]he did not knowingly and unlawfully possess any controlled substance" and explained her presence in the car with Aquino at the time of her arrest by asserting that he was merely a "casual acquaintance whom she had dated several times" and that she had accepted a ride with him because she was late for an appointment. In addition, defendant asserted that she had an otherwise unblemished criminal record and that subsequent to her arrest she was married to a United States citizen and had herself

applied for citizenship. The court granted the motion, noting that "[t]he People's case is more than adequate and defendant's motion is, for the most part, less than compelling," and that the motion would not be granted if defendant's husband, an American citizen and a "hard-working New York City employee", "were not ensnared in [a] nightmare". The court characterized the husband as a "victim of the drug epidemic in a unlikely way", noting that if defendant is convicted she would ultimately be deported and her husband would be faced with the "unbearable" choice of having to decide whether to "leave his country and accompany her into exile." The People appeal. We reverse and reinstate the indictment.

An indictment may be dismissed in furtherance of justice only when there exists "some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant * * * would constitute or result in injustice." (CPL 210.40 [1]; see also, People v Diggs, 125 AD2d 189, 191, lv denied 69 NY2d 745.) In entertaining such a motion, the court must consider, "individually and collectively", 10 factors set forth in the statute and, in making its decision, strike a "sensitive balance between the individual and the State". (CPL 210.40 [1]; People v Clayton, 41 AD2d 204, 208; People v Perez, 156 AD2d 7, 10, lv denied 76 NY2d 794.) The court's discretion to dismiss in furtherance of justice should be exercised " ' "sparingly" ' " (People v Howard, 151 AD2d 253, 256, lv denied 74 NY2d 811); the power to grant such relief is not absolute (People v Ortiz, 152 AD2d 755, lv denied 74 NY2d 899).

The determinative factor upon which the trial court relied in granting the motion was the adverse impact which defendant's prosecution would have upon her husband. Although this circumstance may arguably bear relevance to "the purpose and effect of imposing upon the defendant a sentence authorized for the offense" (CPL 210.40 [1] [f]), the disruptive effect upon the family—here, specifically, the marital relationship—is a factor common to countless criminal convictions. Defendant's husband is no more a victim than the children, spouses and parents of innumerable other criminal defendants sentenced to State prison. Indeed, in many cases, the effect of a family member's incarceration is even more devastating. Thus, this consideration can hardly be said to be a "compelling" one, "clearly demonstrating" that conviction or prosecution of the defendant in this case would "result in injustice."

Nor does a consideration of the other statutory factors

justify dismissal of the charges. Defendant does not dispute that there is substantial evidence of her guilt. *(See,* CPL 210.40 [1] [c].) Nor is there any dispute—indeed, even the trial court acknowledged—that these narcotics and weapons offenses are extremely serious charges and that the harm to society caused by the commission of such offenses is well recognized. *(See,* CPL 210.40 [1] [a], [b].) The fact that defendant, who was 31 years old at the time of her arrest, had no prior criminal history *(see,* CPL 210.40 [1] [d]) is not in itself sufficient to justify dismissal. *(See, People v Andrew,* 78 AD2d 683.) While it does not appear that a dismissal of the indictment against defendant will have an adverse impact on the safety or welfare of the community *(see,* CPL 210.40 [1] [h]), it will have an adverse impact upon public confidence in the criminal justice system *(see,* CPL 210.40 [1] [g]), which can only be undermined when justice is administered in less than an evenhanded fashion.

Finally, with respect to the assertions in defendant's motion papers and during proceedings before the court minimizing her participation in the crimes and portraying her essentially as a victim of circumstances who was in the wrong place at the wrong time, these are not the sworn statements of defendant but merely averments of counsel. Moreover, the allegation that she was only a casual acquaintance of the codefendant conflicts with her statement at the time of her arrest in which she gave the codefendant's address as her address and said that she had been living with him for three months. In any event, the record reflects much more than defendant's passive participation in criminal conduct. The arresting officer's observation, while waiting for the codefendant to produce documents, of defendant attempting to kick under her seat a plastic bag which was later found to contain 90 vials of cocaine is more suggestive of her status as an active and knowing participant.

To dismiss this indictment for the reason relied upon by the trial court serves no legitimate purpose. Rather, it trivializes the massive public effort mobilized to combat the scourge of drugs and the widespread use of illegal firearms. Moreover, while showing concern for one "victim of the drug epidemic", a consideration of questionable relevancy, the court failed properly to balance that consideration with the devastating effects of the drug epidemic upon the rest of society. This is hardly "that 'rare' and 'unusual' case [which] 'cries out for fundamental justice beyond the confines of conventional con-

siderations'." *(People v Insignares,* 109 AD2d 221, 234, quoting *People v Belge,* 41 NY2d 60, 62-63 [Fuchsberg, J., concurring].)

Accordingly, the order of the Supreme Court, New York County (Edward J. McLaughlin, J.), entered September 13, 1989, which granted defendant's motion to dismiss the indictment, should be reversed, on the law and on the facts, the indictment reinstated and the matter remanded for further proceedings.

WALLACH, SMITH and RUBIN, JJ., concur.

Order, Supreme Court, New York County, entered on September 13, 1989, is reversed, on the law and on the facts, the indictment reinstated and the matter remanded for further proceedings.