THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARK HARMON, Respondent.

First Department, June 23, 1992

APPEARANCES OF COUNSEL

*Ann E. Ryan* of counsel, *(Mary C. Farrington* with her on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for appellant.

*Steven J. Miraglia* of counsel *(Philip L. Weinstein,* attorney), for respondent.

## OPINION OF THE COURT

SULLIVAN, J. P.

The People appeal from an interest of justice dismissal of an indictment charging criminal possession of a dangerous drug in the fifth degree. The dismissal, based on a finding that defendant was a "hard-working" person who had "made one mistake," was particularly inappropriate in light of defendant's rearrest in the same drug location trying to purchase more drugs during the pendency of this indictment and the absence of any compelling factor warranting the granting of such relief. Accordingly, we reverse.

The underlying facts are not in dispute. On November 10, 1989, at approximately 12:45 P.M., a uniformed police officer on foot patrol observed defendant and another man exit from 619 West 176th Street in Manhattan, a known drug location. The other man, seeing the officer, turned back into the building as defendant hurriedly walked away. Ignoring the officer's attempts to speak to him, defendant continued to walk away and tossed a silver object into the gutter. The officer stopped defendant, told him he had dropped something and returned the discarded object, which, from his police training, he recognized as a tinfoil of cocaine. Defendant was arrested. During a subsequent search at the precinct, a bottle containing cocaine was recovered from defendant, who admitted that he had a "drug problem."

Originally charged in a misdemeanor complaint with criminal possession of a controlled substance in the seventh degree, defendant was eventually indicted and charged with criminal possession of a controlled substance in the fifth degree, a felony, when laboratory analysis showed the weight of the pure cocaine to be 700 milligrams, an amount in excess of the 500 milligrams required for a felony. Defendant thereafter moved to suppress the narcotics. On March 14, 1990, the day after he served his motion papers, at approximately 7:45 P.M., defendant was arrested inside apartment No. 3J at 619 West 176th Street during the execution of a search warrant. Al-

though defendant was subsequently indicted for various narcotic offenses in connection with this second arrest, the charges were dismissed on June 26, 1990. A suppression hearing in this case was thereafter held and defendant's motion to suppress the narcotics denied.

Defendant then moved to dismiss the indictment in the interest of justice, arguing that he was charged with mere possession, not a sale, that the only harm he caused in connection with this incident was to himself and his family, that he had no previous convictions and that he was "[g]enerally * * * a working man." The People opposed the motion, arguing that the reasons cited by defendant in support of the dismissal were less than compelling and pointing out his arrest during the pendency of these charges in the very same apartment building trying to buy drugs. At the conclusion of oral argument, the court granted the motion, noting that "more harm than good would come from burdening [defendant] with a felony disposition." This appeal followed.

CPL 210.40 (1) provides for the dismissal of an indictment or count thereof in the furtherance of justice, even though there may be no basis therefor as a matter of law, where "such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice." The power to dismiss on such ground is, as provided in the statutory text, committed to the trial court's discretion; it should be " 'exercised sparingly' and only in that 'rare' and 'unusual' case where it 'cries out for fundamental justice beyond the confines of conventional considerations.' " *(People v Insignares,* 109 AD2d 221, 234, *lv denied* 65 NY2d 928, quoting *People v Belge,* 41 NY2d 60, 62-63; *People v Howard,* 151 AD2d 253, 256, *lv denied* 74 NY2d 811.) The power to grant such relief is not absolute. *(People v Reyes,* 174 AD2d 87, 89; *People v Wingard,* 33 NY2d 192, 196.) The statute sets forth 10 factors to be considered "individually and collectively" in determining the appropriateness of such a disposition (CPL 210.40 [1]), which should reflect a "sensitive balance between the individual and the State." *(People v Clayton,* 41 AD2d 204, 208; *People v Reyes, supra,* 174 AD2d, at 89.) A review of these factors in the light of the facts presented fails to disclose an acceptable basis for the dismissal of this indictment.

With respect to the seriousness and circumstances of the

offense (CPL 210.40 [1] [a]), and the extent of harm it caused (CPL 210.40 [1] [b]), defendant is charged with the possession of 700 milligrams of pure cocaine, well over the statutorily required 500 milligrams. While subdivision (5), the particular subdivision of Penal Law § 220.06 under which defendant was indicted, was enacted in response to the "crack" cocaine epidemic and defendant did not possess crack, he did possess pure cocaine in an amount over that required for a felony. And, since the primary concern with cocaine in crack form is its purity, which makes it more potent than "cut" cocaine *(see,* mem of State Executive Dept re L 1988, ch 178, 1988 McKinney's Session Laws of NY, at 1983-1984), the gravity of defendant's conduct should not be minimized merely because the cocaine he possessed was not in crack form.

Nor should the crime of drug possession be viewed as a crime that adversely affects only the possessor and not society as a whole. While, as the trial court noted, there was no indication that defendant had ever trafficked in drugs, narcotics trafficking could not flourish without the demand created by drug users. Moreover, the desperate drug user will often resort to crime for the wherewithal to support his habit. In the instant case, an obviously desperate defendant, at liberty on this charge, returned four months later to the very same building from which he had just emerged, in possession of drugs, at the time of his arrest in this case. From this record, it appears that defendant, a resident of Orange County, had no business in that building other than to purchase drugs. Thus, New York City's drug problems are only exacerbated when it becomes a magnet for out-of-towners who wish to purchase drugs.

The evidence of guilt in this case, a consideration under CPL 210.40 (1) (c), is so strong that it is not even challenged. On the question of defendant's history, character and condition (CPL 210.40 [1] [d]), it is a fact, as defendant stresses, that he had no known prior convictions, although he did have a prior arrest for resisting arrest and disorderly conduct. But, even if this had been defendant's first involvement with the criminal justice system, that would not be a "compelling circumstance" warranting dismissal. *(See, People v Perez,* 156 AD2d 7, 10; *People v Varela,* 106 AD2d 339.)* What is significant is his arrest during the execution of a search warrant in an apartment in the same building outside of which he was arrested in this case. At the time of the subsequent arrest, defendant admitted that he had been in the apartment to

purchase drugs. The failure to consider this subsequent arrest —indeed, the court commented that since November of 1989, when he was arrested in this case, "[defendant's] gotten into no trouble at all"—constitutes clear error. As the court knew, the subsequent charges were dismissed for lack of proof connecting defendant to the cocaine, marihuana and drug paraphernalia seized in the apartment, which is not to suggest that defendant's presence there was for an innocent purpose, as his own admission made clear. Thus, the instant charge was not defendant's only—or last—involvement with the law.

While defendant's dyslexia and difficulty in holding a job, as well as the death of his mother and his father's illness, are unfortunate, they do not constitute the kind of extraordinary circumstances which would justify dismissal. In any event, they were not cited by the trial court as a factor in its determination. According to the prepleading report filed in this case, defendant, then 31, has a stable and supportive family.

Nor has there been any misconduct by law enforcement personnel in this case. *(See,* CPL 210.40 [1] [e].) Before making his dismissal motion, defendant fully litigated his Fourth Amendment claims at a hearing at which the arresting officer testified. In denying suppression, the trial court obviously credited the officer's testimony as to the circumstances of defendant's arrest.

That the prosecutor did not offer defendant the opportunity to plead guilty to a misdemeanor does not, of course, signify misconduct. The People, who are not obliged to make any offer in any case, may set the terms and conditions of their consent to a guilty plea to a lesser charge. *(See, People v Esajerre,* 35 NY2d 463, 467.) In fact, without the prosecutor's consent, the court may not accept a guilty plea to less than the entire indictment. *(People v Perez, supra,* 156 AD2d, at 11; *Matter of Gold v Booth,* 79 AD2d 691, *cert denied sub nom. Sapio v Gold,* 454 US 840.) In any event, in light of defendant's rearrest in an apartment in the same building, the prosecutor's refusal to offer a misdemeanor plea appears to have been quite reasonable. In that regard, it should be noted, it is not the judiciary, but the District Attorney, who, as a member of the executive branch of State government, is the constitutional officer charged with the responsibility for prosecuting those who commit criminal offenses within his or her jurisdiction; in that undertaking the District Attorney possesses broad discretion. *(Matter of Holtzman v Goldman,* 71 NY2d

564, 573.) Needless to say, an interest of justice dismissal is not a vehicle for the expression of judicial displeasure with a prosecutor's plea policies. *(See, People v Stern,* 83 Misc 2d 935, 939.)

In considering the purpose and effect of imposing a sentence upon defendant (CPL 210.40 [1] [f]), since the recognized purposes of a sentence are retribution, rehabilitation, isolation and deterrence *(see, People v McConnell,* 49 NY2d 340, 346), at the very least a sentence of probation would be appropriate. As demonstrated by his return to 619 West 176th Street to purchase drugs during the pendency of this case, defendant is in need of guidance and supervision. Indeed, his father, with whom he lives, has stated that he "has tried to help [defendant] but he has been unsuccessful." Dismissal of the instant indictment would only serve to reinforce defendant's perception, as evidenced by his return to the apartment in question to buy drugs during the pendency of this charge, that he can continue to flout this State's drug laws with impunity. Moreover, such a disposition could only undermine public confidence in the criminal justice system or adversely impact upon the safety and welfare of the community (CPL 210.40 [1] [g], [h]), conveying, as it would, the notion that the drug problem has reached such crisis proportions that mere drug possession is considered innocuous. On the other hand, a felony conviction and imposition of an appropriate sentence would impress upon defendant and those in similar circumstances that narcotics law violations will not be tolerated.

The final two statutory factors, the attitude of the complainant with respect to the motion and "any other relevant fact" (CPL 210.40 [1] [i], [j]), were not addressed by the trial court and, in any event, have no relevancy to this matter.

Accordingly, the order of the Supreme Court, New York County (Jay Gold, J.), entered June 5, 1991, granting defendant's motion to dismiss the indictment in the interest of justice, should be reversed, on the law and on the facts, the indictment reinstated and the matter remanded for further proceedings.

ROSENBERGER, WALLACH, ROSS and KASSAL, JJ., concur.

Order of the Supreme Court, New York County, entered June 5, 1991, granting defendant's motion to dismiss the indictment in the interest of justice, is reversed, on the law and on the facts, the indictment reinstated and the matter remanded for further proceedings.