■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARMEN MURIEL, Respondent.—Order of the Supreme Court, New York County (Brenda Soloff, J.), entered on or about February 3, 1989, which granted defendant's motion to dismiss the indictment, is unanimously reversed, on the law and facts, the motion denied, the indictment reinstated and the matter remanded for further proceedings.

On January 7, 1988, defendant and three others were arrested for the sale of three vials of crack cocaine to an undercover police officer. On January 9, 1988, defendant and her three co-defendants were represented by one 18-b attorney who served a grand jury notice for all four defendants.

Defendant was released on her own recognizance. On January 14, 1988, defendant and co-defendants appeared at Part N, a special narcotics part, where another attorney represented all the defendants. Co-defendant Jenkins failed to appear and a bench warrant was issued for her arrest. While there is no record of any plea negotiations, it appears that prior to the calendar call the prosecutor offered co-defendant Thomas an A misdemeanor plea to criminal possession of a controlled substance in the seventh degree. He offered defendant, a predicate felony offender, and co-defendant Garcia, a plea to criminal sale of a controlled substance in the third degree, with a promised sentence of one and one-half to three years.

Pursuant to procedures then employed in Part N, defense

attorneys would discuss the plea offers with their clients, and if the offers were refused, upon call of the case, counsel would answer "no disposition". The record indicates that counsel said there was "no disposition" in this case. The defendant was subsequently indicted for criminal sale of a controlled substance in the third degree, arraigned on the indictment, and directed to appear on February 23, 1988. When she failed to appear, a bench warrant was issued, and on June 9, 1988 she was returned on the warrant. On July 12, 1988, defendant refused a plea to a C felony in exchange for a sentence of 2 to 4 years.

Thereafter, defendant moved to dismiss the indictment contending that the defendant was never offered a plea to one and one-half to three years in Part N and that the procedural unfairness of the proceedings in that Part required dismissal of the indictment in the interest of justice pursuant to CPL 210.40. The Supreme Court found there was a conflict of interest at Part N since the same attorney represented all of the defendants and that defendant herein had not been "dealt with fairly". The Supreme Court, however, did not make any findings of fact demonstrating an actual conflict of interest between defendant and her co-defendants.

Initially, the failure of the trial court to make a *Gomberg* inquiry *(People v Gomberg,* 38 NY2d 307 [when two or more defendants are represented by the same attorney, the court must ascertain on the record whether each defendant has an awareness of the potential risks involved and has acquiesced]), does not constitute a per se violation of defendant's right to effective assistance of trial counsel *(People v Recupero,* 73 NY2d 877, 879). Aside from the mere fact of joint representation, the only claim of prejudice raised by defendant is the purported denial of an opportunity to plead guilty to a lesser sentence. While we accept that such an offer of a lesser sentence *was* made in Part N, the offer was contingent on acceptance by both defendant and co-defendant Garcia. Thus, the mere fact of joint representation had nothing to do with the offer of the plea, nor did it preclude defendant from accepting the plea. The condition of acceptance of the offer by both Garcia and defendant in the plea offer was within the People's discretion.

In addition, Criminal Term erred in summarily dismissing the indictment in the interest of justice largely based on the defendant's unsubstantiated allegations set forth in defendant's motion to dismiss, rather than holding a hearing. The determination by Criminal Term that the defendant was

denied the opportunity to discuss with her attorney the possibility of testifying before the grand jury as well as the benefits of a plea, was not based on the material to be found in the record. Any complaint of ineffective assistance of counsel could also have been developed at such a hearing. Dismissal of an indictment in the interest of justice pursuant to CPL 210.40 does not "convey an untrammeled right to act on purely subjective considerations" *(People v Rickert,* 58 NY2d 122, 126). Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.