OPINION OF THE COURT
Faviola A. Soto, J.
Defendants are charged with violating Penal Law § 260.10, endangering the welfare of a child. Both defendants have filed pretrial motions seeking a dismissal of the charges in furtherance of justice, pursuant to CPL 170.40.
Defendants are the parents of a child whose date of birth is August 1, 1990. On May 24, 1993 a child protective proceeding was commenced in the Family Court of the State of New York, New York County, and was heard before the Honorable Mary Bednar. The case resulted in a finding that the child was physically abused by both parents, as defined in Family Court Act § 1012 (e) (i). On January 25, 1994 the Family Court issued an order of disposition placing the child and her siblings in the custody of the Commissioner of Social Services for a period of 12 months.
The instant case was commenced during the pendency of the Family Court proceeding. Defendants were arraigned on August 10, 1993 upon a misdemeanor complaint which alleged, inter alia, that
"(a) On November 1, 1991, the child was diagnosed at Metropolitan Hospital as having a severe hematoma to her left ear;
"(b) On March 23, 1993 the child was diagnosed at Mount Sinai Hospital as having a fractured right femur;
"(c) On May 21, 1993 the child was diagnosed at Mount Sinai Hospital as having a fractured right rib, and as suffering from a failure to thrive.”
The complaint charges that defendants’ culpability for these and other conditions violates Penal Law § 260.10 (1).
Defendants argue that the prior adjudication of the Family Court proceeding compels the dismissal of these charges in furtherance of justice. The People oppose the motions. For the reasons stated herein, the motions are denied.
CPL 170.40 provides that a complaint or information may be dismissed in furtherance of justice even though there may *614 be no basis for dismissal as a matter of law. (CPL 170.40 [1].) Dismissal may be granted when it is "required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant * * * would constitute or result in injustice.” (Ibid.)
A motion to dismiss in furtherance of justice is addressed to the discretion of the court. (People v Belge, 41 NY2d 60 [1976]; People v Clayton, 41 AD2d 204 [2d Dept 1973].) It requires a balancing of the interests of the individual against those of the State. (People v Rickert, 58 NY2d 122 [1983].) Such a motion should be granted sparingly, and only in that rare and "unusual case where it cries out for fundamental justice beyond the confines of conventional considerations.” (People v Belge, supra, at 62-63 [concurring opn, Fuchsberg, J.]; People v Harmon, 181 AD2d 34 [1st Dept 1992].) The motion must be denied in the absence of any compelling factors demonstrating that prosecution or conviction would result in injustice. (People v Insignares, 109 AD2d 221 [1st Dept], lv denied 65 NY2d 928 [1985].)
The court must not base its decision upon purely subjective considerations. (People v Muriel, 187 AD2d 341 [1st Dept 1992].) Rather, CPL 170.40 (1) provides a list of factors the court must consider before granting or denying the motion. These factors are:
(a) the seriousness and circumstances of the offense;
(b) the extent of harm caused by the offense;
(c) the evidence of guilt, whether admissible or inadmissible at trial;
(d) the history, character and condition of the defendant;
(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;
(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;
(g) the impact of a dismissal on the safety or welfare of the community;
(h) the impact of a dismissal upon the confidence of the public in the criminal justice system;
(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;
(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.
*615 These factors are to be considered individually and collectively (CPL 170.40 [1]; People v Reyes, 174 AD2d 87 [1st Dept 1992]). The court finds that a consideration of these factors compels the denial of the motions.

A. Seriousness and Circumstance of the Offense

The offense charged herein is that defendants knowingly acted in a manner likely to be injurious to the physical, mental or moral welfare of a child under 17, and that this resulted in the child suffering a fractured rib, a fractured femur and a severe hematoma to her ear. This is not a case where an isolated event is alleged. Rather, these injuries are alleged to have required medical attention on three separate occasions over an 18-month period. The gravity of these charges and the circumstances under which the injuries were suffered require the continuation of this proceeding.

B. Extent of the Harm Caused by the Offense

Further, the harm caused by the offense is extensive. It is alleged that a child under the age of three years has suffered injuries which would cause severe pain and trauma. This harm is alleged to have been caused by the knowing acts of the child’s parents. Such serious allegations merit the continued attention of this court.

C. Evidence of Guilt

The above-mentioned charges, contained in the misdemeanor complaint, are supported by affidavits of agents of Metropolitan Hospital and Mount Sinai Hospital which corroborate the salient aspects of the complaint. In addition, the People’s voluntary disclosure form indicates their intent to offer at trial scientific and medical reports, photographs and drawings relevant to this case. Such evidence is sufficient to require defendants to answer to these criminal charges. Any other issues regarding the responsibility of each parent is better left to a full trial. (See, e.g., People v Wong, 182 AD2d 98 [1st Dept 1992].)

D. History, Character and Condition of the Defendants

Consideration of the history, character and condition of the defendants further requires a dismissal of the motion. Both parents were found within the civil context of the Family Court proceeding to have physically abused their child. While such a finding does not collaterally estop defendant in this criminal setting, it likewise does not militate in their favor on their motion. Further, defendant Melendez has two prior misdemeanor convictions, both for violations of Penal Law *616 § 155.25, petit larceny, in 1986 and 1991. Defendant Berrios has no reported criminal record. However, neither the lack of a criminal record nor even an exemplary background are sufficient to require a dismissal in furtherance of justice. (People v Varela, 106 AD2d 339 [1st Dept 1984].)

E. Law Enforcement Misconduct

No law enforcement misconduct is alleged by either defendant.

F. Purpose and Effect of Imposing a Sentence

Defendants argue that the ameliorative provisions of the Family Court order render unnecessary any sentence this court might impose. Specifically, the Family Court order removes the children from the custody of the parents, requires the parents to engage in parenting skills classes, to cooperate with other referrals from the Child Welfare Administration, and requires the mother to remain drug free. However, the Family Court serves a function very different from that of the criminal court. A child protective proceeding is civil in nature. (Matter of Nicole V., 71 NY2d 112 [1987].) Its purpose is to protect children from injury or mistreatment, safeguard their physical, mental, and emotional well-being, and insure the parent’s right to due process of law. (Supra; Family Ct Act § 1011.) In contrast, the function of the criminal justice system is not just protection, but deterrence, rehabilitation and retribution. (People v McConnell, 49 NY2d 340 [1980].) It provides an appropriate public response to the particular offense committed. (Penal Law § 1.05 [5].) The entry of a Family Court dispositional order, protective and rehabilitative in nature, does not serve the legitimate and necessary function of seeing that criminal behavior is both punished and deterred. Such a distinction requires the continuation of the penal process.

G. Impact on the Safety and Welfare of the Community

Courts of criminal jurisdiction have the duty of advancing the safety and welfare of the community through the just enforcement of its laws. This interest is particularly compelling when the safety and welfare of a child is involved. (New York v Ferber, 458 US 747, 756-757 [1982], upon remand 57 NY2d 256.) One purpose of the Penal Law is "[t]o insure the public safety by preventing the commission of offenses through the deterrent influence of the sentences authorized, the rehabilitation of those convicted, and their confinement when required in the interests of public protection.” (Penal Law § 1.05 [6].) Disclaiming this important duty and interest *617 because of the prior civil adjudication would have an adverse impact on the safety and welfare of the community.

H. Impact Upon the Confidence of the Public in the Criminal Justice System

Likewise, public confidence in the criminal justice system would be eroded by a dismissal of the instant case. This case involves disturbing allegations of harm inflicted upon a child. Society has a right to expect that criminal behavior directed toward its most defenseless members will not be tolerated, and that allegations of such behavior will be given the court’s full and careful attention.

I. Attitude of the Victim

This factor is not appropriate due to the age of the child.
The case before the court is not the unusual situation which cries out for dismissal in furtherance of justice. Justice would be ill-served by such a result. The motions are hereby denied.