OPINION OF THE COURT
Howard A. Ruditzky, J.
Defendant has been charged, by superseding information, with violations premised upon his noncompliance with the Administrative Code of the City of New York. (Specifically, with violation of Administrative Code § 15-216 [a] in that [A] a fire fighting appliance was not in good working order, as required by Administrative Code § 27-4265 [e] [1], and [B] the local fire company was not notified that the sprinkler system was out of order, as required by section 27-4265 [c] [1] and 3 RCNY 37-01 [b] [1].)
Defendant has moved to dismiss the information, for facial insufficiency, since it fails to allege criminal intent, or, alternatively, for dismissal in furtherance of justice.
Defendant’s motion is denied.
facts
On January 29, 1994, the New York City Fire Department responded to a fire inside the garage of a multiple dwelling at 1487 Shore Parkway, Brooklyn, New York. The firefighters arrived at the scene to find a fire raging at the premises and a sprinkler system that failed to operate. (The fire ultimately claimed the life of one of the building’s residents, although the People do not seek to hold defendant criminally liable for the fire or the death of the resident. They seek, rather, to hold defendant liable for the failure of the sprinkler system to operate and discharge and for failing to notify the fire department.)
After the fire had been extinguished, the captain of the local fire company in whose administrative district the subject *878 premises falls, checked the fire company’s records to see if it had received prior notification that the sprinkler system was out of order. He found no notification for the time period at issue. The captain then visited the subject premises.
While upon the premises, the captain engaged in a conversation with the defendant, during which the defendant stated that he was the managing agent and person responsible for maintenance of the premises, as well as for the monitoring and supervision of activities conducted thereupon.
The investigating fire marshall subsequently determined that a vehicle had been deliberately set on fire (arson), although he was unable to determine whether the sprinkler outlet above the burned vehicle had also been tampered with.
DISCUSSION
Defendant asserts that the information should be dismissed, as facially insufficient, or, in the alternative, seeks a dismissal in furtherance of justice pursuant to CPL 170.40.
This court disagrees with both of defendant’s dismissal theories.
I. Dismissal of the Information as Facially Insufficient
Defendant contends that the information fails to allege that he acted "negligently” in violating the fire safety requirements of the Administrative Code and is thus facially insufficient. He argues that Administrative Code §§ 15-216 and 27-4265 require a knowing violation and that absent such mens rea he cannot be held responsible for the sprinkler’s condition, since its failure to operate was attributable to the acts of an as-yet-unapprehended third party. The prosecution, on the other hand, posits that section 15-216 (a) is a type of "strict liability” section and thus no element of mental culpability need be mentioned in the accusatory instrument. The court agrees.
Section 15-215 provides:
"Fines and penalties, a. Any person who shall violate or fail to comply with any laws, rules, or regulations enforceable by the department, unless a different penalty is specifically provided, shall be guilty of a violation and upon conviction thereof shall be punished by a fine of not more than five thousand dollars for each offense * * *
"b. Any person who shall knowingly violate or fail to comply with any laws, rules, or regulations enforceable by the *879 department, unless a different penalty is specifically provided, shall be guilty of a misdemeanor and upon conviction thereof, shall be punished by a fine of not more than ten thousand dollars or imprisonment for not more than six months or both for each offense” (emphasis added).
Nowhere in subdivision (a), the subdivision under which defendant is charged, do the words "wilfully,” "knowingly,” "intentionally” or "negligently” appear, indicating legislative intention to establish mental culpability as an element of the offense. Yet the word "knowingly” is included in subdivision (b). Subdivisions (a) and (b) are almost identically worded but for the addition of "knowingly” in subdivision (b), leading this court to agree that the Legislature did not intend or require "knowledge” or "intent” when dealing with section 15-216 (a).
A similar set of facts presented itself in People v Tuck-it-Away at 135th St. (Crim Ct, NY County 1991, docket No. 90N758188W). There, the defendant was charged with violations of Administrative Code §§ 26-122 and 26-248 (g) — operating a cabaret without a place of assembly permit and required emergency lighting. Judge Ferdinand rejected defendant’s argument, based on Penal Law § 15.15 (2), that these were not strict liability crimes, stating that:
"If the drafters of the Administrative Code had intended to engraft a mens rea element onto the offenses of owning or operating a place of assembly without the required permit or emergency lighting, they surely could have done so. The use of the term 'knowingly’ with respect to one of the offenses enumerated in A.C. Section 26-122, but not the others, constitutes exactly the type of indication required that these crimes were intended to be strict liability offenses. See: P.L. Section 15.15 (1); People v. Namadi, 140 Misc.2d 712 (Crim. Ct. N.Y. Co. 1988); People v. Davis, 112 Misc.2d 138 (Crim. Ct. Bronx Co. 1981); People v. Atkins, 76 Misc.2d 661 (Crim. Ct. Kings Co. 1974).
"The Administrative Code creates an affirmative obligation on the part of building owners to comply with all applicable fire safety regulations. See AC Sections 27-123 and 26-248 (a). Where, as here, criminal penalties are imposed solely, 'for the purpose of requiring a degree of diligence for the protection of the public against violations,’ no showing as to culpable mental state is required.” (See also, Morissette v United States, 342 US 246.)
*880 Additionally, as correctly pointed out by the People in its instant opposing memorandum of law, further evidence of the Legislature’s desire to not require "intent” in Administrative Code § 15-216 (a) is the fact that noncompliance with subdivision (a) is only a violation, whereas the failure to comply with subdivision (b), which includes a "knowing” element, is a misdemeanor. It seems clear that due to the potentially serious consequences of a sprinkler system being out of service, the Legislature determined that someone responsible for the system must be held accountable regardless of his or her culpable mental state.
Since the turn of the century, State courts have discontinued inquiry into "intent” in a limited class of offenses, such as labor law and building code violations. (Morissette v United States, supra, at 247.) As set forth above, this court finds that Administrative Code § 15-216 (a) is such an offense and embodies a legislative determination to hold accountable those who fail to meet their obligations, regardless of their culpable mental state.
The superseding information in question, charging defendant with failing in his duty to maintain the premises in compliance with law, sets forth defendant’s relationship to the premises and the violations existing thereon. Nothing further need be charged. As such, the superseding information is deemed sufficient.
II. Dismissal in the Furtherance of Justice
Alternatively, the defendant moves for an order dismissing the information in the furtherance of justice pursuant to CPL 170.30 (1) (g) and 170.40. The defendant advances several arguments to support this motion, e.g., he claims that the violations have been cured and that his exemplary background supports such a dismissal. This court disagrees.
While a motion pursuant to CPL 170.40 may be granted at the discretion of the court, such discretion should be exercised cautiously and the relief granted sparingly (see, People v Andrew, 78 AD2d 683 [2d Dept 1980]; People v Eubanks, 114 Misc 2d 1097 [App Term, 2d Dept 1982]). After consideration of the interests of the defendant and the community in general (see, People v Belkota, 50 AD2d 118, 120 [4th Dept 1975]), a motion to dismiss in the interest of justice should be granted only when a miscarriage of justice would result from strict adherence to the letter of the law (see, People v Andrew, *881 supra). Applying these considerations to the facts of the instant case, this court finds that the defendant has failed to establish the existence of a compelling factor which would render prosecution fundamentally unjust (see, People v Schlessel, 104 AD2d 501 [2d Dept 1984]).
A motion to dismiss in furtherance of justice must be determined by consideration of the relevant factors set forth in CPL 170.40 (1):
"(a) the seriousness and circumstances of the offense;
"(b) the extent of harm caused by the offense;
"(c) the evidence of guilt, whether admissible or inadmissible at trial;
"(d) the history, character and condition of the defendant; "(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;
"(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;
"(g) the impact of a dismissal on the safety or welfare of the community;
"(h) the impact of a dismissal upon the confidence of the public in the criminal justice system;
"(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;
"(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.”
In applying the facts of this case to those relevant factors set out in CPL 170.40 (1) this court finds that defendant’s request for a dismissal in the interests of justice must be denied:
1. Defendant is charged with serious fire code violations in the garage of a multiple dwelling. (See, CPL 170.40 [1] [a].)
2. The existence of the violations may have contributed to the death of one individual. (See, CPL 170.40 [1] [b].)
3. The existence of the conditions and the defendant’s legal relationship to the premises are not in dispute. (See, CPL 170.40 [1] [c].)
4. The defendant and the company which employs him, Trump Management, are experienced real estate owners and operators in the City of New York. (See, CPL 170.40 [1] [d].)
5. Where such a dismissal could be a signal to landlords and *882 others responsible for the operation of property that they will not be held accountable for conditions on their property. (See, CPL 170.40 [1] [g].)
6. Where a dismissal would suggest that landlords are treated differently than criminal defendants. (See, CPL 170.40 [1] [h].) (CPL 170.40 [1] [e], [f], [i], [j] are not applicable in this case.)
CPL 170.40 (1) states that only "by the existence of some compelling factor, consideration or circumstances clearly demonstrating * * * injustice” is such a dismissal in the interest of justice required. Indeed, a dismissal in the interest of justice should only occur when a case "cries out for fundamental justice beyond the confines of conventional circumstances.” (People v Belge, 41 NY2d 60, 62-63 [1976] [Fuchsberg, J., concurring]; see, People v Clayton, 41 AD2d 204 [2d Dept 1973].)
The defendant’s assertion that his previously "clean” background should preclude prosecution of the charges herein is without merit. The lack of a prior criminal record, standing alone, does not prevent prosecution and conviction on the current charges (see, People v Varela, 106 AD2d 339, 340 [1st Dept 1984]). Additionally, the defendant’s contentions regarding his lack of culpability and the correction of the violations are not issues suitable for resolution in a motion to dismiss in the furtherance of justice.
For the reasons outlined above, defendant’s motion for dismissal of the indictment, either as facially insufficient, or in furtherance of justice, is denied.