OPINION OF THE COURT
Tanya R Kennedy, J.
The defendant is charged with one count of resisting arrest (Penal Law § 205.30) and one count of obstruction of governmental administration in the second degree (Penal Law § 195.05). He now moves, inter alia, to dismiss the complaint in the interest of justice pursuant to CPL 170.40. For the reasons that follow, the defendant’s motion to dismiss is granted.
Under CPL 170.40 (1), dismissal in the interest of justice “is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice.”
To guide the court in the proper use of its discretion, 10 criteria* must be considered individually and collectively (see CPL 170.40 [1] [a]-Q]; People v Clayton, 41 AD2d 204 [2d Dept 1973]) by balancing the interests of the individual and those of the state (see People v Gragert, 1 Misc 3d 646, 648 [Crim Ct, NY County 2003]). However, a catechistic discussion of the factors listed in CPL 170.40 is not required when deciding a motion to *480 dismiss in the interest of justice (see People v Rickert, 58 NY2d 122, 128 [1983]).
A court’s discretionary power to dismiss “may be exercised only in that rare and unusual case where it cries out for fundamental justice beyond the confines of conventional considerations” (People v Khan, 15 Misc 3d 1131[A], 2007 NY Slip Op 50947[U], *1 [Crim Ct, NY County 2007], quoting People v Harmon, 181 AD2d 34, 36 [1st Dept 1992] [citations and internal quotation marks omitted]). Although the People maintain that the relief requested is inappropriate, the court is of the opinion that the present case is precisely that rare circumstance where fundamental justice will only occur upon dismissal.
The defendant is the principal of East Side Community High School (hereinafter ESCHS), which is located at 420 East 12th Street in New York County. This is the defendant’s thirteenth year at ESCHS, and it is his seventh year as principal (see East Side Community High School, Administration, www.eschs.org/ site_admin_directory.aspx [updated weekly]). The court notes that the defendant, who has no criminal history, continues as principal during the pendency of this case with the support of school staff.
The instant information alleges that on October 9, 2007, at approximately 7:45 a.m., the defendant interfered with a school safety officer’s arrest and removal of student Isamar Gonzalez from school premises by blocking the main office doorway and, subsequently, the main entrance of the school. Additionally, the information alleges that the defendant flailed his arms and kicked his legs to avoid being handcuffed when placed under arrest for the aforementioned conduct. Ms. Gonzalez, a then 17-year-old honors student, arrived at school prior to the start of classes at 8:10 a.m. and became involved in an altercation with the school safety officer after the officer asked her to leave (see Medina, Police Arrest a Student, Then Her Principal, Too, New York Times, Oct. 10, 2007).
Defense counsel maintains in his motion that the defendant asked the officer to remove the student through the back entrance to avoid removing the student through the front entrance in handcuffs while hundreds of students were waiting to enter school through that entrance. In addition, defense counsel admits that the defendant stood in one of multiple doorways at the front entrance after the officer rejected the defendant’s repeated pleas to remove the student through the back entrance.
*481 The court notes that the defendant is highly respected within the school system and teaching community and that no disciplinary charges were brought against him as a result of this incident (see Medina, supra; NY1 News, Principal’s Arrest Highlighted as City Council Talks School Safety, www.nyl.com/ nyl/content/index.jsp?stid=l&aid=74413 [updated daily]). During the defendant’s tenure as principal, ESCHS was ranked as safer than the average New York City school in a survey of parents and teachers (see New York City Dept of Ed Learning Environment Survey [2006-2007]).
Additionally, the defendant has been lauded as a provider of “visionary leadership” in a 2006-2007 Department of Education Quality Review Report that rated ESCHS as an above average New York City school (see New York City Dept of Ed Quality Review Report — East Side High School, at 4 [May 14-15, 2007]). Students, parents, and school staff share this sentiment and the defendant is described as one who cares for ESCHS (see Medina, supra).
The court does not minimize the criminal charges against the defendant or the NYPD’s response to crimes committed within the public school system. Nevertheless, the court is of the opinion that the extent of the harm caused by the offense, as well as the seriousness and circumstances of said offense are minor.
Here, the principal neither threatened the safety of the officer nor the school community. Rather, the defendant attempted to spare the arrested student from embarrassment (see Medina, supra; NY1, supra). Inasmuch as there may have been hundreds of students waiting at the front entrance to gain entry into school, it was not unreasonable for the defendant to request that the officer escort the arrested student through the back entrance to avoid any disruption with the orderly entry of students and the commencement of classes. Unfortunately, this incident highlights the tension between school administrators and the NYPD concerning a principal’s authority in overseeing school premises. Further, this incident highlights the need to exercise sensitivity in effectuating student arrests, as well as transporting arrested students out of school premises, particularly where large groups of students may be in close proximity.
It is the court’s hope that the Department of Education and the NYPD can reach a meeting of the minds regarding a principal’s leadership role, as well as the principal’s exercise of discretion regarding student disciplinary matters and protecting *482 the emotional and physical well-being of his or her students. Once this occurs, such unfortunate situations, similar to the one in question, will become a thing of the past. Due to the circumstances herein, the court is of the opinion that prosecution will serve no useful purpose.
After considering the factors set forth in CPL 170.40, the court grants the defendant’s motion to dismiss in the interest of justice. The remaining branches of the defendant’s motion are denied as moot.

 “(a) the seriousness and circumstances of the offense;
“(b) the extent of harm caused by the offense;
“(c) the evidence of guilt, whether admissible or inadmissible at trial;
“(d) the history, character and condition of the defendant;
“(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;
“(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;
“(g) the impact of a dismissal on the safety or welfare of the community;
“(h) the impact of a dismissal upon the confidence of the public in the criminal justice system;
“(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;
“(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.” (CPL 170.40 [1].)