Saxe and Sweeny, JJ.,
dissent in a memorandum by Sweeny, J., as follows: I dissent.
The majority concedes that a challenge to the room presumption was never preserved.* As my colleagues also concede that the verdict was legally sufficient and not against the weight of the evidence, the only basis to review this conviction is in the *549 interest of justice. Such review is not warranted under the facts of this case.
Pursuant to the execution of a no-knock warrant, the police entered the small apartment and immediately saw defendant coming out of the bedroom. Ignoring a call to stop, defendant ran into the bathroom and slammed the door shut. Having to break open the door, the police found defendant “hovering” over the toilet. Placed under arrest, the police found $550 on his person in denominations of 20 and 100 dollar bills.
Then, upon entering the “small” bedroom from where defendant had fled, the police saw, in plain view, among other items, two plastic containers that held glassine envelopes encased in rice. Looking into the open bedroom closet they saw an additional clear plastic container with a see-through lid, also with glassine envelopes encased in rice. A total of 95 glassines of cocaine and heroin were recovered. In the bedroom closet, the police also found clothing that fit defendant.
The discretionary act to vacate a conviction in the interest of justice is to be “exercised sparingly and only in that rare and unusual case where it cries out for fundamental justice beyond the confines of conventional considerations” (People v Harmon, 181 AD2d 34, 36 [1992] [internal quotation marks omitted]; CPL 470.15 [6] [a]). Contrary to the majority’s position, interest of justice review is neither warranted nor appropriate in this case.
The majority argues that interest of justice review is needed “in order to clarify the scope of the drug factory presumption.” This is a curious position since, as noted, this issue was neither raised or preserved for our review at trial. Indeed, precedential cases involving interest of justice review make clear that such review applies on a case-by-case basis, individually and is not designed or intended to be used for statutory interpretation (see People v Harmon, 181 AD2d at 36; see also CPL 210.40). By way of analogy, considering whether to dismiss an indictment in the interest of justice, the factors set forth in CPL 210.20 are “all inclusive” (People v Cileli, 137 AD2d 829, 829 [1988]) and reflect a “sensitive balance between the individual and the State” (People v Clayton, 41 AD2d 204, 208 [1973]; see People v Reyes, 174 AD2d 87, 89 [1992]). Therefore, the basic premise of the majority that an issue, not preserved for our review, should in any event be reviewed in the interest of justice to “clarify” a legal presumption stands on dubious grounds.
To accept this reasoning would mean that interest of justice review is now available in any case to review any issue, whether fundamental or not, which has either been waived or not *550 preserved at the trial level. Such a procedure is patently unfair to the trial bench who will now be left with the task of ensuring that any potential issue, even those that may be waived as part of counsel’s trial strategy, must be taken into consideration in formulating jury instructions.
In fact, the majority’s position today does away with the longstanding principle of the necessity to preserve issues by objection at trial. In People v Ivey (204 AD2d 16 [1994], affd 86 NY2d 10 [1995]), we held: “defendant’s failure to register any objection to the charge ... or to request any jury instructions that would have directed the [trial] court’s attention to his current complaint . . . renders the claim unpreserved and forecloses this Court’s consideration of it as a matter of law” (204 AD2d at 19). Significantly, we went on to hold: “Nor should we reach the issue in the interest of justice since, had scienter been an issue at trial, the People might well have been able to present their evidence in a way that would have satisfied that element of the crime” (id.). The object of preservation, of course, is to avoid the situation which the majority now creates. As the Court of Appeals noted in People v Gray (86 NY2d 10, 20-21 [1995]): “The preservation rule is necessary for several reasons . . . The chief purpose of demanding notice through objection or motion in a trial court, as with any specific objection, is to bring the claim to the trial court’s attention . . . [and] might provide the opportunity for cure before a verdict is reached . . . Second, a timely objection alerts all parties to alleged deficiencies in the evidence and advances the truth-seeking purpose of the trial.”
The majority’s position does just the opposite. Not only was there no objection to the charge as it related to criminal possession of a controlled substance in the seventh degree, but there was an affirmative agreement by defendant that the charge was proper.
The majority reveals its real reason for invoking an interest of justice review when it states that “[w]e do not believe that the drug factory presumption was intended to apply to seventh-degree possession.” However, if the majority truly believes that to be the case, then the proper remedy would be to reverse and dismiss, not reverse and remand for a new trial. Either the presumption applies, as the trial court (and defendant) asserted, or it does not, as the majority contends. If it does apply, then it is a nonissue and should not be reviewed by this Court. If it does not apply, then there is nothing to retry.
Essentially, the majority is utilizing our power to reverse in the interest of justice (CPL 470.15 [6]) to treat this case through the prism of a CPL 210.40 motion to dismiss in the interest of *551 justice. The rub, however, is that this particular case, and this particular defendant, do not present “that rare and unusual case where it cries out for fundamental justice beyond the confines of conventional considerations” (People v Harmon, 181 AD2d at 36 [internal quotation marks omitted]). Interest of justice review is properly designed for a limited purpose both by statute and precedent. This case presents nothing that even remotely lends itself to the exercise of that review power.
In view of the facts presented, including defendant’s close proximity to the drugs that were recovered, the amount of money and denominations in his pocket, and his actions upon the entry of the police into the apartment, “the inference that defendant was, at least, a participant in a drug-selling operation and constructive possessor of the drugs, rather than a customer or visitor” is clearly warranted (People v Jones, 72 AD3d 452 [2010], lv denied 15 NY3d 806 [2010]). These facts, coupled with defendant’s failure to preserve the issue for review, not only fail to support the exercise of our discretion to review in the interest of justice, but actually militate against such exercise.
The conviction should be affirmed.

 Defendant’s counsel not only did not object to the subsequent charge but even agreed with the court that the presumption applied to 3rd degree and 7th degree.